### GRANVILLE KELLEY V. THE STATE.

*No. 579.   Decided May 1.*

1. **Theft of Money—Indictment—Allegation of Value.**—Where an indictment for theft of silver money described the same as "forty dollars in silver, current money of the United States of America," *Held*, that the allegation was sufficient as to quantity, kind, and value of said silver money, and no further allegation as to value was requisite.

2. **Same—Charge of Court—Accomplice Testimony—Refused Instruction.** On a trial for theft, where the conduct of a State's witness in receiving and attempting to conceal the stolen money can not be explained satisfactorily upon any theory of innocence, and no explanation was even attempted, *Held*, the court should, as to this witness, have charged upon the law of accomplice testimony, and erred in refusing defendant's requested instruction upon that subject.

APPEAL from the District Court of Gonzales.   Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for theft of money over the value of $20, the punishment being assessed at three years in the penitentiary.

The money stolen belonged to Will Williams, the stepfather of defendant.   Will Williams testified, that he was about 100 years old. That he had collected the money on some promissory notes due him, and put it in the pocket of a ducking coat, fastened the pocket with a wire, and when he went to bed, put the coat under his head.   He had been asleep sometime, when he felt his head fall back, and felt the coat slipping from his head.   He raised up, and recognized defendant running out of the house with his coat and money.   The next morning defendant was arrested on an excursion train going to San Antonio, and a portion of the money recovered by the officers in the manner stated in the opinion.   No further statement necessary.

The requested instructions asked for defendant, and which were refused by the court, were as follows:

"1.   In this case you can not convict the defendant of the theft of the silver money lost by Williams, for the reason, that no value is alleged in the indictment of the silver money; and unless you find from the evidence beyond a reasonable doubt that defendant fraudulently took from the possession of Will Williams gold or currency to the value of $20, you will acquit him.

"2.   You are further charged, that Neil Petit is an accomplice in this case, and you can not convict upon his testimony alone, unless corroborated by other testimony tending to connect defendant with the commission of the offense for which he is on trial."

*Burgess & Hopkins*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment was attacked because, in regard to the silver money alleged to have been stolen, there was no allegation of value.   In this respect in was averred that "forty dollars in silver, current money of the United States of America," were taken.   This was sufficient as to quantity, kind, and value of the silver money, without further allegation of value.   For discussion of the subject, see Menear v. The State, 30 Texas Crim. App., 475; Otero v. the State, 30 Texas Crim. App., 450; Lewis v. The State, 28 Texas

Crim. App., 140. Again, this allegation could have been treated as surplusage, for the indictment described $280 in gold accurately, and alleged its value, as well as two currency bills. The indictment was a valid one with or without the $40 in silver mentioned. But "forty dollars in silver, current money of the United States of America," sufficiently alleges the value to be $40. Same authorities. Under the evidence, Petit was an accomplice to the extent of requiring a charge upon this phase of the law. The evidence discloses: The money was taken about midnight. That on the next morning, defendant, his brother, and Petit, with quite a party, went on an excursion from the neighborhood of the theft to San Antonio. When near Seguin, defendant and brother were arrested for this theft, and, while the brother was being searched, defendant handed a sack of money to Petit, who carried it to the rear of the car, and gave it to one Sims to keep. That the officer accused Petit of taking this money and carrying it away, which was denied by him. That the officer searched him, found a five-dollar bill in his shoe, and he then admitted his connection with the matter, and carried the officer to Sims, who gave up the money. That it was returned to the owner, who recognized and identified the sack, and claimed the money recovered, which consisted of two twenty-dollar bills and $8 in silver. These facts are not disputed. Petit knew that defendant was arrested for this theft when he received the sack of money from him. He at once carried it away, evidently for the purpose of concealing it, and was therefore guilty of receiving and concealing stolen property, knowing it to be stolen. The circumstance of the hidden five-dollar bill, taken from his shoe, if part of the original theft, or proceeds from an exchange of some of the original money, would show, or tend to do so, that Petit was fully aware of the theft before the officer made the arrest, and therefore a receiver of the stolen property from this standpoint. His conduct in this matter can not be explained satisfactorily upon any theory of innocence, and no explanation of this conduct was offered. As the matter stood, a charge upon the law of accomplice testimony should have been given, and, though specially requested by the accused, was refused. The ruling of the court refusing the continuance is not discussed. This question can not arise, as here presented, on a future trial.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.