## ELLIS BLACK v. THE STATE.

### No. 2937. Decided March 9, 1904.

**1.—Theft—Variance.**

Where the indictment charged the theft of eighty-five cents lawful current money of the United States of America and the evidence showed the money was nickels, there was no variance between the allegations and the proof.

**2.—Same—Legal Tender.**

Where, in a charge of theft, the allegation is general that the money taken was lawful current money of the United States, the evidence must show that it was legal tender, but the mere fact that it is not acceptable as a legal tender beyond the amount of twenty-five cents does not alter or change its capacity as a legal tender coin.

**3.—Same—Fraudulent Taking—Evidence Insufficient.**

Appellant, a boy, in the presence of other boys, went to the cash drawer of H., remarking that he was going to play a joke on him, taking eighty-five cents therefrom. H. being out of the room, and on his return appellant handed H. the money and asked him to give appellant credit for it, which was done, the other boys laughing at the time; other circumstances also showed the absence of a fraudulent intent at the time of the taking. Held that the evidence is insufficient to sustain the conviction.

Appeal from the County Court of Knox. Tried below before Hon. G. B. Landrum.

Appeal from a conviction of theft; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

*J. Henry Milam* and *Jas. A. Stephens,* for appellant..

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information charges appellant with theft of eighty-five cents, lawful current money of the United States of America. The evidence on the trial showed the eighty-five cents were in nickels. The contention is that this is not lawful or legal tender coin of the United States, hence there is a variance between the allegations and proof. In support of this contention we are referred to Perry v. State, 42 Texas Crim. Rep., 540; Otero v. State, 30 Texas Crim. App., 450; Thompson v. State, 35 Texas Crim. Rep., 511, as well as to sec. 3587 Rev. Stats. of the U. S. Where theft is the charge and the allegation is general that the money taken was lawful current money of the United States, the evidence must show that it was legal tender coin or legal tender currency of the United States. The decisions cited amply support that proposition. If nickels are not legal tender, then appellant's contention as to variance is well taken. Section

3587, supra, is in the following language: "The minor coins of the United States shall be a legal tender at their nominal value for any amount not exceeding twenty-five cents in any one payment." These minor coins, under article 3515, are five-cent pieces, three-cent pieces, and one-cent pieces. The language of that article further shows: "The alloy for the five and three-cent pieces shall be of copper and nickel, to be composed of three-fourths of copper and one-fourth nickel. The alloy of the one-cent piece shall be ninety-five per centum of copper and. five per centum of tin and zinc, in such proportion as shall be determined by the director of the mint. The weight of the pieces of five cents shall be 27.16 grains troy; of the three-cent pieces 30 grains, and of the one-cent pieces 48 grains." So it will be seen from the reading of these sections that nickels are legal tender coin of the United States to the amount of twenty-five cents. This establishes the legal tender quality of the nickel. The mere fact that it is not acceptable as legal tender beyond the amount of twenty-five cents, does not alter or change its capacity as a legal tender coin. It is not the amount that can be forced in the payment of debts which determines its legal tender quality, but it is the fact that it is legal tender at all. So we hold this contention of appellant is not well taken.

It is contended that the evidence is not sufficient to justify the conviction. In regard to the main facts of the case there is no divergence in the evidence. Appellant and several other boys were in the store of Dockery & Son, where Bert Harvey was clerking. Harvey went into an adjoining room. Appellant went to the cash drawer and took eighty-five cents in nickels therefrom, remarking to all present at the time he took the money, "I am going to play a joke on Bert" (referring to the clerk Harvey.) When Harvey came back in the room, appellant gave him the money he had taken from the drawer, and told him to credit it on his account. This was about the noon hour. Harvey took the money and made a note of it on a tablet. Several witnesses were present, who saw and heard all that occurred; in fact there is no question as to this phase of the case. At the time appellant handed Harvey the money, the boys were laughing and winking at each other. After Harvey made the entry on the tablet, the boys left the house, returning to the schoolhouse, where they were attending school. As they left the house one of them told appellant he had better tell Harvey about taking the eighty-five cents out of the drawer. He replied, "There is no use of that, as Bert understood how it was; the boys all laughed when I gave him the money." It is further shown it was a common thing among the boys in the neighborhood to play practical jokes on each other; they took little things from each other, such as handkerchiefs, pocketknives, etc., kept them awhile, and then gave them back to the owner. In order to constitute theft, there must be a fraudulent taking, and the fraudulent intent must exist at the time of the taking. The public manner of this taking, what occurred between the

parties, and all the environments of the case, it occurs to us, indicates that appellant at the time he took the money did not intend a fraudulent taking. We do not believe the testimony justifies this conviction under the circumstances. There are some other questions raised in the case, which under the disposition we have made of it are deemed unnecessary to discuss. The judgment is reversed and the cause remanded.

*Reversed and remanded.*