HENRY DALTON v. THE STATE.

No. 3677.   Decided December 19, 1906.

**1.—Theft of Money—Description in Indictment.**

Where in a prosecution of theft of money, the indictment charged the theft of one hundred and ten and no/100 dollars in money, then and there current money of the United States and of the value of one hundred and ten and no/100 dollars, the description of said money was sufficient on motion to quash, without giving the description of the character of money or the denomination of the bills. Following Lewis v. State, 28 Texas Crim. App., 140, and others.

**2.—Same—Voluntary Return of Stolen Property.**

Where upon trial for theft of money, the defendant first denied the theft and after arrest and persuasion by the officers he finally told them where the money was concealed and went with them and produced it, this was not a voluntary return.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. A. Porter.

Appeal from a conviction of theft of money; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Leach & Allen,* for appellant.—On question of voluntary return of stolen property: Bennett v. State, 13 S. W. Rep., 142; Dupree v. State, 17 Texas Crim. App., 591; Bird v. State, 16 Texas Crim. App., 528; Ingle v. State, 1 Texas Crim. App., 307.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of voluntary return of stolen property: Elkins v. State, 35 Texas Crim. Rep., 206; Ware v. State, 12 Texas Ct. Rep., 233.

HENDERSON, JUDGE.—Appellant was convicted and his punishment fixed at two years confinement in the penitentiary, under an indictment charging theft, of "one hundred and ten and no 100 Dollars, in money, then and there current money of the United States, and of the value of one hundred and ten and no 100 Dollars," etc. The appellant filed a motion to quash the indictment on the ground that the money was not sufficiently described. There are some cases which hold that an indictment describing the money, must state the character and kind of money—that is, the denomination of the bills. But there are a number of decisions which hold that the statement in the aggregate, without giving the description of the character of money or the denomination of the bills, is sufficient. Lewis v. State, 28 Texas Crim. App., 140; Wofford v. State, 29 Texas Crim. App., 536; Otero v. State, 30 Texas Crim. App., 450; Kelley v. State, 34 Texas Crim. Rep., 412; Colter v. State, 37 Texas Crim. Rep., 284; Butler v. State, 10 Texas Ct. Rep., 982. The Colter case was a robbery case, and the Butler and Lewis cases, supra, were for misapplication of public money. It might be held under the peculiar statutes with reference to the taking of money in robbery and the misapplication of public funds that a different principle would apply. However, the other cases cited were theft-indictments; and the indictment of the character used in this case was held to be good in said cases. While as the better practice, and as an original proposition we might hold that the proper construction of article 446, Code Criminal Procedure, that the character of bills, or at least the denomination of the bills taken, should be set out, where practicable; yet inasmuch as the form here adopted has been approved by this court, we follow the same and hold the indictment

good. Appellant relies on Berry v. State, 80 S. W. Rep., 630, and Black v. State, 79 S. W. Rep., 311. These cases are not in point. In Berry's case, the denomination of the bills was set out—that is, it was alleged that one was a $10 bill, current money of the United States of America, and the other was a $5 bill, current money of the United States of America. Of course, the indictment was held good. In that case, it was further held that, under the allegations in the indictment any character of money, current by law in the United States of America was provable under the allegation. In Black's case, supra, we simply held, that nickels were not current money of the United States.

Appellant further insists that he was entitled to a charge on the voluntary return of stolen property. The facts in this record show that after the taking by appellant he was accosted by the prosecutor and accused of having stolen his money. Appellant denied this. Although he was told by prosecutor that if he would produce the money that nothing would be said about it, or language to that effect. Subsequently appellant was taken in charge by the officers, although no affidavit had been made against him and no process issued. After he was so arrested, he was permitted by the officers to again talk to prosecutor, who told him that if he would then admit the taking and return the money, it would go lighter with him, that he might get the lowest punishment, etc. He then told where the money was concealed and went with the officers and produced it. Was this a voluntary return? This exact question came before this court in Taylor v. State, 8 Texas Ct. Rep., 102, and it was there held that this was not a voluntary return. We adhere to that holding. Therefore, the court did not err in failing to give a charge on this subject, and in refusing to give appellant's special requested instructions.

The evidence is ample to support the verdict, and the judgment is affirmed. *Affirmed.*