### Arthur Lieske v. The State.

#### No. 781.    Decided November 9, 1910.

**Swindling—Variance—Money—Check—Descriptive Allegations must be Proved.**

Where, upon trial of swindling, the indictment charged the defendant with the unlawful acquisition of $250, current money of the United States, and the evidence showed that the injured party paid the defendant this amount by giving him a check therefor on a bank, the variance was fatal to the conviction; descriptive allegations must be proved. Following Childer v. State, 16 Texas Crim. App., 524, and other cases.

Appeal from the District Court of Fayette. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of swindling; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Brown & Lane* and *H. H. Sagebiel,* for appellant.—On question of variance as to the money described in the indictment and that described in the evidence: Summers v. State, 45 Texas Crim. App.,

423, 76 S. W. Rep., 762; Lewis v. State, 28 Texas Crim. App., 140, 12 S. W. Rep., 736; Harris v. State, 30 S. W. Rep., 221; Otero v. State, 30 Texas Crim. App., 450, 17 S. W. Rep., 1081; Menear v. State, 30 Texas Crim. App., 475, 17 S. W. Rep., 1082, and cases stated in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was indicted and tried in the District Court of Fayette County on a charge of swindling, resulting in his conviction with a penalty of four years confinement in the penitentiary. From this conviction he has appealed to this court assigning various errors committed in the trial of the case. In view of the disposition that we shall make of this case it becomes unnecessary to notice the numerous errors assigned.

The bill of indictment alleged that the appellant, devising and intending to secure the unlawful acquisition of two hundred and fifty dollars, current money of the United States, of the value of two hundred and fifty dollars then and there the corporeal personal property of and belonging to one Wessels and with the intent to appropriate said property when so acquired, did then and there unlawfully and fraudulently acquire possession of said property by means of false and fraudulent pretenses, setting out the said pretenses. This is the description of the property that it is alleged that the defendant acquired through the false and fraudulent pretenses. In the trial of the case the witness Wessels testified that about the 10th or 11th of July, 1908, the defendant desired to trade some land to him, representing that he was the owner of said land and had the authority to sell it; that he entered into a written contract with the defendant, the contract being that he was to pay $750 for the land and that he gave to the prosecuting witness an option on the land until January 1, 1909, and for this option he paid the defendant by giving him a check for $250 on a bank; that that was all the consideration that passed between them; that he paid defendant no money, but simply gave him a check for $250. The defendant objected to this testimony because it does not support the allegation in the bill of indictment and that there was a variance. He also asked the court to instruct the jury to acquit defendant because the proof did not support the allegation in the bill of indictment and that proof of the giving of a check did not support the allegation in the bill of indictment which alleged that the defendant fraudulently acquired the possession of $250 current money of the United States.

In cases of swindling, embezzlement and theft, where a party is charged with acquiring the possession unlawfully and fraudulently of certain property and the description of that property is given in the indictment, in order to sustain a conviction, the State must prove

that the property unlawfully and fraudulently acquired is the same as that described in the bill of indictment and the giving of a check for money will not support an allegation in the bill of indictment where money is described as the property acquired. In the case of Childers v. State, 16 Texas Crim. App., 524, this court, speaking through Judge Willson, says: "It is alleged in the indictment that the money fraudulently acquired by him was 'good, lawful and current money of the United States of America, being currency bills.' It was unnecessary to thus particularly describe the money obtained. It would have been sufficient to have alleged that it was one hundred and fifty dollars in money. But the pleader, having unnecessarily described the money, thereby limited a matter material to the charge, and the description became essential to the identity of the money, and under the ·long established rules of criminal pleading such description is material and must be proved as laid (Warrington v. The State, 1 Texas Ct. App., 168; . . . Hampton v. State, 5 Texas Crim. App., 463). True, the warrant calls for 'one hundred and fifty currency dollars,' but there is no evidence that 'currency dollars' were paid in discharge of the warrants, and that these currency dollars were 'good, lawful and current money of the United States of America,' as alleged in the indictment. The warrant may have been paid in gold or silver coin, and, if so, certainly the allegation in the indictment would not be sustained. This failure on the part of the prosecution to sustain by proof, the descriptive averment as to the money is of itself fatal to the conviction." In the case of Coffelt v. State, 27 Texas Crim. App., 608, it was held in a case of robbery where the indictment alleged that the accused robbed the injured party of certain moneys, said moneys being lawful money of the United States of America it was essential to the validity of the conviction that the kind of money be proved as alleged. The allegation in a bill of indictment alleging unlawful acquisition of certain moneys, lawful money of the United States and of the value of so much, will not be sustained by proof of the unlawful acquisition of a check for the same amount of money. See also case of Gray v. State, 11 Texas Crim. App., 411; Mathews v. State, 10 Texas Crim. App., 279; Black v. State, 46 Texas Crim. Rep., 107, 79 S. W., 311. Holding, therefore, that there is a variance between the proof and allegation in the bill of indictment as to the character of property unlawfully acquired the case must be reversed.

We will not consider the other questions complained of. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*