### EDWARD LONGARDY V. THE STATE.

#### No. 888.　Decided December 7, 1910.

**Theft—Information—Description of Money—Sufficiency of the Evidence.**

　　Where, in a prosecution for theft, the information described the alleged stolen property as ten dollars in money which passed current as money of the United States of America of the value of ten dollars, the description was sufficient, and evidence supporting such description was sufficient. Following Dalton v. State, 50 Texas Crim. Rep., 523, and other cases.

Appeal from the County Court of Dallas. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of misdemeanor theft; penalty, one year confinement in the county jail.

The opinion states the case.

*Baker & Strong,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By information filed in the County Court at Law of Dallas County appellant was charged with theft less than $50. On a trial had thereafter on September 26 of this year appellant was found guilty and his punishment assessed at confinement in the county jail for a period of one year.

Practically the only question raised on the appeal relates to the sufficiency of the information as to the description of the money alleged to have been stolen, and also to the sufficiency of the evidence to support this charge. The money is thus described: "Ten dollars in money which passed current as money of the United States of America of the value of ten dollars." Mr. Odom, the man from whom the money was charged to have been stolen, describes the money as follows: "The ten dollar bill that was taken out of my purse as I have described was ten dollars in money that passed current as money of the United States of America and was of the value of ten dollars." We think the description of the money sufficient, and the evidence directly supports this description. Dalton v. State,

50 Texas Crim. Rep., 523; Lewis v. State, 28 Texas Crim. App., 140; Wofford v. State, 29 Texas Crim. App., 536; Otero v. State, 30 Texas Crim. App., 450; Kelley v. State, 34 Texas Crim. Rep., 412; Colter v. State, 37 Texas Crim. Rep., 284.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*