JEROME KIRKENDOLL V. THE STATE.

No. 18725.  Delivered February 3, 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Chas. H. Dean,* District Attorney, of Plainview, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

There is but one bill of exceptions in the record, which complains of the refusal of the court to give a special charge, the effect of which was to instruct the jury that the witness Duty was an accomplice, and that a conviction could not be had upon his testimony, unless they found it to be true and that it showed the accused guilty, and not then unless they further believed there was other testimony in the case aside from that of Duty tending to connect the defendant with the offense charged in the indictment.

The facts in the case showed that two young men robbed a boy in charge of a filling station of a sum of money amounting to forty-five or fifty dollars. These men had handkerchiefs over their faces, but the filling station proprietor testified that the height of one of them corresponded to the height of this appellant, as did his general build. The State introduced Cullin Duty, who testified that on the night of the alleged robbery he was present at the home of appellant's mother when appellant and one Crawford came to the house. He testified they were talking about money they had gotten at Mr. Pierson's,—that being the name of the owner of the filling station referred to,—and how they scared the Pierson boy. They were laughing and talking about it, and recited what they had told the Pierson boy at the time they got the money from him. He testified that appellant and the other fellow divided the money; that there was between forty-five and fifty dollars, and that they gave him two dollars of the money. We quote from his testimony:

"The money was in silver, eight quarters. I don't know why they gave it to me but I took it. I knew it was some of the money that was stolen."

There is no question but that the State relied upon the testimony of Duty to make out its case. From Sec. 702 of Branch's Annotated P. C., we quote:

"If there is evidence that a witness who testified in behalf of the State received or concealed any of the stolen property, knowing it to be stolen, and it is not shown that the purpose

of the witness was legitimate, the court should apply the law of accomplice testimony to his testimony as given in behalf of the State."

Dawson v. State, 32 Texas Crim. Rep., 551; Kelley v. State, 34 Texas Crim. Rep., 414, and many other authorities are cited in support of the text. The principle announced has been adhered to uniformly by this court. There seeming no question from the record but that the witness Duty was an accomplice, the failure of the court to give the special charge requested was clearly erroneous. There was nothing in the main charge in any way submitting the question, or charging on the law of accomplices.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing by the State, presented by the district attorney, he calls attention to the fact that the statement of facts was filed one day too late, and should not be considered. If the statement of facts be ignored the error upon which the reversal was predicated would not appear. However, from the showing here made by affidavit of appellant's attorney the delayed filing does not appear chargeable to appellant or his attorney, hence consideration of same is proper.

The motion for rehearing is overruled.

*Overruled.*