

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXIIXIXXWIXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-2654
Re: Does the Texas Prison System
have a right to send the $50.00
due the mentioned inmate to some
relative or place it in the es-
cheat fund?

This is to acknowledge receipt of your request for our opinion regarding the disposition to be made of fifty dollars ($50.00) represented by a check issued under the following circumstances:

Herbert A. Campbell (TPS#91108, deceased) was released from your institution on August 7, 1940, after having completed his sentence and after having actually served more than one year. This entitled the convict to receive fifty dollars ($50.00) in money as provided by Article 6166z-1, Vernon's Annotated Civil Statutes. He was taken into custody by the officers of the Federal government to serve time in the United States penitentiary at Leavenworth, Kansas. On August 10, 1940, the prisoner died. Upon his admission to the Federal prison, he had in his possession a check for the fifty dollars ($50.00); upon his death no provision had been made for the disposition of this property and the convict had never endorsed the check. You ask whether you have a right to send the fifty dollars ($50.00) due the former inmate to some relative, or place it in the Escheat fund.

A check is a written order, executory in nature, and may be revoked by the drawer at any time before it is paid or in some manner accepted by the bank on which it is drawn. Hall v. First National Bank, (Civ. App.) 252 S.W. 828; State v. Tyler County State Bank (Com. App.) 277 S.W. 625, 42 A. L. R. 1347; 6 Tex. Jur. 604. It is an acknowledgment of an indebtedness of a certain sum of money to a person named therein, to his order or bearer, payable instantly on demand. Middle-Kauff v. State Banking Board, 111 Tex. 561, 242 S.W. 442; First National Bank v. Greenville National Bank, 84 Tex. 40, 19 S.W. 334. A check is not money, although it is considered personal property.

Lieske v. State, 60 Tex. Cr. R. 276, 131 S.W. 1126; Lancaster v. State, 9 Tex. Cr. App. 393.

If a person dies intestate his property passes under the provisions of Title 48, Revised Civil Statutes of Texas, Articles 2570-2583 inclusive. The various statutes are calculated to cover every contingency and prescribe the inheritance to every degree of relationship, so if your former inmate has any surviving kin, the fifty dollars ($50.00) mentioned belongs to such relatives in accordance therewith.

If there be no will it is the province of the probate court to determine whether or not a necessity exists for administration. Should such necessity exist, of course the administrator would be the proper person to pay the money here involved, on satisfactory proof of the administration. Articles 3332, 3356, 3370, Revised Civil Statutes, 1925; Simpkins, Administration of Estates, 3rd Ed., p. 73. If it is made clear that such administration is unnecessary, payment should be made to the proper person or persons entitled to the same under the statutes referred to above governing descent and distribution. For your protection, however, it will be advisable that such status be established to your satisfaction.

If the decedent left a will, the duly appointed and qualified executor should be the recipient of the fifty dollars ($50.00). Article 3429, Revised Civil Statutes, 1925; Jones v. Lee, 86 Tex. 25, 22 S.W. 386, 1092. Under the statute, a will may be presented for probate within four years without proof that the party applying for such probate was not in default in failing to present the same within that time. Article 3326, Revised Civil Statutes, 1925; Simpkins, Administration of Estates, 3rd Ed., p. 79.

Title 53, Revised Civil Statutes of Texas is applicable to escheat proceedings. Article 3272, Revised Civil Statutes reads in part:

"If any person die seized of any real estate or possessed of any personal estate without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, leaving no heirs, or devisee of his estate, such estate shall escheat to and vest in the State."

Other articles of said title prescribe the requisites of petition for escheat, citation, issue and trial and other matters incidental thereto. (See Articles 3273, 3274, 3278, Revised

Civil Statutes.)  We shall not here elaborate upon the application of these statutes, but content ourselves with the following quotation from the opinion of Justice Sharp of the Supreme Court in the recent case of Manion v. Lockhart, 131 Tex. 175, 114 S.W. (2d) 216:

> "The object of the escheat statutes is to vest title to the property escheated in the state, and they provide a method for its recovery.  They also provide that any claimant of the property may within a certain period file suit in the district court of Travis County against the state for such property, or money so escheated, and fix a maximum period of time for such suit."

Under the state of facts as presented by you and the law as outlined above, we would advise that you hold the check or money it represents until such time as claim be made therefor, at which time, upon your request accompanied by an explanation of the facts then controlling, we shall be happy to give you our opinion relative thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Benjamin Woodall
Benjamin Woodall
Assistant

BW:ew:wc

APPROVED AUG 31, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman