John ODOM, Appellant,

v.

The STATE of Texas, Appellee.

No. 41878.

Court of Criminal Appeals of Texas.

March 5, 1969.

Rehearing Denied April 23, 1969.

---

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for being an accomplice to robbery; the penalty seven years.

The indictment charged a robbery was committed by David Lee Campbell and John Anthony Leslie, and that Charles Chapman and John Odom, the appellant, advised, commanded and encouraged Campbell and Leslie to commit the offense.

The robbery of J. C.'s Supermarket in Houston by Campbell and Leslie was proved. Complaint is made that the proof is insufficient to corroborate the testimony of an accomplice witness.

An accomplice witness, Angelia Campbell, testified that she was Angelia Gerring at the time of the robbery and the wife of David Lee Campbell at the time of the trial; that on the date of the robbery she, Janis Fortenberry and Linda Kelly were incarcerated in jail. After appellant had arranged for and caused their bonds to be made, they went to his office. Charles Chapman told Angelia Campbell to go to the rear office and the other two women to go into the library. Within twenty or thirty minutes Chapman and David Campbell came into the office carrying a brief case.

Before Odom entered the room, Campbell stated that he and John Leslie had robbed the J. C. Supermarket on Ley Road. Angelia Campbell had been with David Campbell when he committed other robberies, but she never knew he was going to rob the supermarket until he came in with the money. When Campbell opened the brief case, she saw that it contained some "greenbacks" with "J. C. wrappers" around them, and some change. Chapman told Campbell to take a taxi home and Campbell left. Odom came into the room and said, "The job came off pretty good, didn't it?", or words to that effect. Chapman counted some six hundred dollars and gave it to Odom for making the bonds for the three women, and about eight hundred dollars more and "told him that was his cut." Odom counted the money and put it in a folder. The only thing Odom said in her presence about robbery was that she "didn't look like the robbing type." At that time she took some of the money. About a week later Angelia Campbell and Janis Fortenberry went to his office to get some money. Odom gave them fifty dollars and told them "that all of us better go out of town for awhile because things were getting pretty hot." Angelia Campbell also testified that David Campbell had told her that at the time of his arrest, Chapman was showing where all of the money went on a piece of paper; that Campbell was angry because he had received a very small part of the money.

F. B. Bankston testified that he and Captain Collie, both of the Police Department of the City of Houston, some two days after the robbery, followed Chapman and David Campbell into the Rice Hotel Coffee Shop and saw them sit down in a back booth. Chapman made notations with a ball point pen on a paper napkin. The officers arrested the pair and found an envelope that contained one thousand dollars in Chapman's pocket. The paper napkin was introduced and on it were some mathematical calculations and "600 bonds", and "600 me."

Odom testified that he was a practicing attorney; that he had nothing to do with the robbery; that he did not see the three women in Chapman's office after their bonds were made; that a week later, at Campbell's request, Odom delivered to Angelia a stereo set that had been put up as security to get the bonds made. Odom testified that he had hired Chapman as a law clerk; that sometime before the date of the robbery, he learned Chapman had been an inmate of the Texas penitentiary; that sometime before the robbery of the supermarket, Campbell had employed Odom to represent him in a robbery case. Odom denied any knowledge of, or complicity in, the offense charged in the indictment.

Neither David Campbell nor Leslie, who were indicted as principals, testified. Chapman did not testify. The trial court correctly charged as a matter of law that Angelia Campbell was an accomplice witness, because she testified that she took some of the money knowing that it was taken in the robbery. Stephenson v. State, Tex.Cr.App., 216 S.W.2d 586. Kirkendoll v. State, 132 Tex.Cr.R. 104, 102 S.W.2d 214. She was a discredited witness. See Cast v. State, 164 Tex.Cr.R. 3, 296 S.W.2d 269.

Article 38.14, Vernon's Ann.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The test of the sufficiency of corroboration of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense. Edwards v. State, Tex.Cr.App., 427 S.W.2d 629.

■ For corroboration, the State urges that the notations of "600 bonds" and "600 me" on the paper napkin taken by Officer Bankston could be used. This does not tend to connect Odom with the offense. The fact that Odom testified, and there was other testimony to show, that he was in his office the night of the robbery is relied upon as tending to connect him with the offense; this does not tend to connect him with the commission of the offense.

It was held in Roberd v. State, 161 Tex. Cr.R. 188, 276 S.W.2d 270, a sodomy case, that the testimony of witnesses that the accused and the accomplice witness had made a trip and were together at the time of the alleged offense showed only an opportunity to commit the offense and was insufficient to corroborate the testimony of the accomplice witness. See 11A Tex.Dig. Criminal Law ☜511(5).

We conclude that the evidence is insufficient to corroborate the accomplice witness, hence the evidence is insufficient to sustain the conviction.

The judgment is reversed and the cause is remanded.