May Term,
1844.

The President and Trustees, &c., of Connersville *v.* Wadleigh.

THE PRESIDENT, &C. OF CONNERSVILLE *v.* WADLEIGH.

In an action for the price of goods sold with a warranty, fraud in the sale is a good defence under the general issue, though there may have been no violation of the warranty.

A wilful and fraudulent representation by the seller of a fire-engine, that it was as good as another designated engine, is not fraud in law on the buyer, if the latter was not deceived or misled by the representation.

A warranty that a fire-engine sold and delivered would perform as well as any other in the western country, is not to be considered violated because the warranted engine is inferior to others in that country much larger and more costly, if the inferiority be evident to a common observer.

If the defendant give notice that he will take depositions in another state, before a certain justice, at a specified time and place, and the plaintiff give notice that he will also take depositions before the same justice at the same time and place, and both parties attend and take depositions accordingly without objection,—the defendant cannot afterwards object in Court that the notice to him was insufficient; nor is the want of a dedimus, in such case, on the plaintiff's part, an objection to his depositions.

Wednesday,
May 29.

ERROR to the *Fayette* Circuit Court.

Dewey, J.—Assumpsit by *Wadleigh* against The President and Trustees of *Connersville.* Two counts are upon promissory notes, expressed upon their face to be given by the defendants to the plaintiff for the price of a fire-engine. There are also counts for a fire-engine sold and delivered. Pleas, 1. General issue. 2. That the engine named in the several counts was warranted by the plaintiff to work and perform well, &c.; that it did not work well, &c., but was wholly useless and of no value ; wherefore the consideration of the several promises had wholly failed, &c. 3. Same as the second, except that the averment of no value is omitted ; and an allegation of notice to the plaintiff of the insufficiency of the engine and of a request to take it away is added. 4. A plea very properly declared bad on general demurrer. 5. Same as the third, except that the warranty is more particularly set forth, and is shown to be in writing.

To the second, third, and fifth pleas, the plaintiff replied that the engine did work and perform well, &c. Issue upon the replication ; verdict and judgment for the plaintiff.

The defendants prayed the Court to instruct the jury, that, if the plaintiff knowingly and falsely represented to the de-

fendants the engine in question to be "as good as a larger one then in use at *Oxford, Ohio*," such false representation was a fraud upon them, of which they had a right to avail themselves in their defence. The Court refused. There was evidence tending to show that the plaintiff had made the misrepresentation implied by the charge asked for.

It was competent for the defendants to set up, under the general issue, fraud in the sale of the engine, although there might have been an express warranty by the seller which was not violated by the fraudulent matter. *Stewart* v. *Coesvelt*, 1 C. & P. 23. But we do not think the Court erred in refusing to instruct the jury as requested. Whether the wilful and false representation made by the plaintiff amounted to fraud, in contemplation of law, depended upon the circumstances under which it was made. Of these circumstances we know nothing, not even that the statement was made at the time of the sale; but supposing it was, there is nothing in the record to show that it had any influence on the defendants in making the contract. For aught that appears they might have been aware of its falsity; if so, it was not fraud in law; they were not deceived by it. Or the defendants might have been entirely ignorant of the capacity and qualities of the engine at *Oxford;* if such was the fact, a general statement that the machine they were about to purchase was as good as that engine, can hardly be supposed to have misled their judgment in respect to the power and quality of the subject of the contract. We certainly cannot pronounce the Circuit Court wrong in refusing to instruct the jury that the misrepresentation, though wilfully made, was in itself, and without reference to the other facts of the case, a fraud on the defendants.

One of the terms of the express warranty set out in the pleas, and proved on the trial, was, that the engine, sold by the plaintiff to the defendants, would "answer the purposes of a fire-engine in all its uses, as well and effectually as any other engine in use in the western country." It appeared from the evidence that there were, in the western country, much larger and more costly engines, which were more effectual in extinguishing fire than the warranted machine. And the Court permitted the plaintiff to prove, that the infe-

May Term,
1844.

THE PRESI-
DENT, &c. OF
CONNERSVILLE
v.
WADLEIGH.

riority of the latter engine (the cost of which was 400 dollars) . to those larger ones was plain and palpable to an ordinary observer; and instructed the jury, that if they found such inferiority was plain to common observation, and that the engine worked as well and effectually as any other engine of the same size, its inferiority to larger machines was no breach of the warranty. The defendants objected to the evidence and instruction.

The general principle is, that open, visible defects or qualities of goods sold and warranted are not reached by the warranty, though they are inconsistent with its terms; for the seller is not supposed to warrant against defects and qualities, whose existence is clear to the buyer and every body else. 3 Black. Comm. 165.—*Dyer* v. *Hargrave*, 10 Ves. 507. On this principle, we think the decision of the Circuit Court can be sustained. The authorities referred to show that the want of an ear to a horse, or of a roof to a house, is not a violation of a warranty that they were respectively perfect. We can easily conceive that the inferiority of a small and cheap fire-engine to a large and costly one, is as palpable to a man of common sense as the absence of an ear to a horse or a roof to a house; and it is past belief that the plaintiff designed to warrant that such inferiority did not exist. The Circuit Court put the question of a breach of the warranty on the ground, that if in point of fact it was plain and evident to a common observer that the engine in question was not equal in efficacy to certain larger engines, the inequality was no violation of the warranty; and, in our opinion, they put it on the true ground.

The defendants moved the Court to suppress two of the plaintiff's depositions. The facts were these: The defendants notified the plaintiff that they would take depositions before a certain justice, and at a time and place specified, in *Ohio;* and the plaintiff gave the defendants notice, that he would take depositions before the same justice and at the same time and place. The plaintiff took out no dedimus. The parties attended according to the mutual notices, and both took depositions without objection; the defendants' depositions were read on the trial. The Court overruled the motion, and refused to suppress the plaintiff's depositions.

The objections to the depositions were, want of sufficient notice, and of a dedimus on the part of the plaintiff. The first objection is clearly groundless, because both parties attended at the taking of the depositions; and we think that, under the circumstances, the second should not prevail; a dedimus on the part of the plaintiff was waived by the acts of the parties.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiffs.

*S. W. Parker* and *C. H. Test*, for the defendant.