### C. J. BROWN v. THE STATE.

No. 1058.    Decided April 26, 1911.

Rehearing Denied June 21, 1911.

**1.—Swindling—Indictment—Constructive Notice.**

Where, upon trial of swindling, the indictment alleged that the defendant represented that he was the owner of the land in question and that it was free of incumbrance, it was no defense that the injured party had constructive notice that the land had a vendor's lien against it which was on record, and there was no error in overruling a motion to quash the indictment on this ground. Following LaMoyne v. State, 53 Texas Crim. Rep., 221.

**2.—Same—Continuance—Diligence.**

Where there was no diligence shown, the court correctly overruled the application for continuance, besides the testimony was only cumulative,

**3.—Same—Declarations by the Defendant—Evidence.**

Upon trial of swindling there was no error in admitting the declarations of the defendant in regard to the transaction prior to his arrest.

**4.—Same—Absence of Counsel—Practice.**

Where, upon trial of swindling, the defendant was forced to proceed with the trial in the absence of his counsel, but· the record showed that the counsel did not appear at the time set for the trial, and that when counsel appeared he was given the right to object to all the testimony if he saw proper which was admitted during his absence, which he refused to do but asked that the same be excluded, there was no error.

**5.—Same—Deed—Record—Notice.**

Where, upon trial of swindling, the district attorney had given both the defendant and his counsel notice to produce the original deed in question which they failed and refused to do, there was no error in admitting the original deed record in evidence; besides there was other testimony on the same point.

**6.—Same—Evidence—Vendors' Lien Notes.**

Where, upon trial of swindling, the evidence showed that the defendant had represented to the party injured that there was no lien upon the land in question and the State had introduced a deed showing a lien thereon, there was no error in showing further that the notes reserving said lien had not been paid at the time of the alleged offense.

**7.—Same—Evidence—Charge of Court—Former Debt Unpaid.**

Where, upon trial of swindling, the evidence showed that the defendant represented that the land in question was unencumbered, there was no error in admitting testimony that he had not paid for the land and was owing his original vendor therefor, and to show that the consideration between the latter and the defendant had not been paid, the court charging the jury that if the land was sufficient to pay both debts, to acquit the defendant.

**8.—Same—Evidence—Value of Land.**

Where, upon trial of swindling, the defendant claimed that the land in question was of sufficient value to pay both his original vendor and the party injured, there was no error in admitting evidence as to the value of this land.

**9.—Same—Term of Punishment—Charge of Court.**

Where defendant received the minimum punishment he can not be heard to complain that the court failed to charge on the different terms of punishment.

**10.—Same—Bill of Exceptions—Practice on Appeal.**

Where there is no bill of exceptions, matters complained of on appeal can not be considered.

**11.—Same—Sufficiency of the Evidence.**

Where, upon trial of swindling, the evidence supported the conviction and the charge submitted the law, there was no error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case. As to the value of the eighty acres of land, defendant placed the witness Posey on the stand, and on cross-examination State's counsel asked this witness the following question:

Vol. LXII Crim.—38.

"Didn't you make a trade with G. O. Cozort since you came here to Abilene, and trade back a part of these notes as worthless?" Over the objection of defendant witness answered that he traded back the whole series of notes, amounting to $9600, bought from Cozort, including the notes on the said eighty acres, saying: "I was not properly secured on the series of notes and Cozort took all the notes back and gave me additional security on the series." The court instructed the jury that they must limit this testimony to the credibility of the witness, to all of which defendant objected because the testimony was not connected with this offense,. hearsay and related to a matter to which defendant was not a party, and occurring in his absence, etc.

*Dallas Scarborough,* for appellant.—On the question of the insufficiency of indictment: Blum v. State, 20 Texas Crim. App., 578; Com. v. Grady, 26 Am. Rep., 192; Gaskins v. State, 38 S. W. Rep., 470; Perry v. State, 46 S. W. Rep., 816; Lively v. State, 74 S. W. Rep., 321; State v. Palmer, 32 Pac. Rep., 29; State v. Clark, 26 Pac. Rep., 481; McGhee v. State, 22 S. E. Rep., 589; People v. Wakely, 28 N. W. Rep., 871; State v. Dyer, 41 Texas, 520; Wills v. State, 24 Texas Crim. App., 400, 6 S. W. Rep., 316.

Upon question of admitting deed record: Golin v. State, 37 Texas Crim. Rep., 90, 38 S. W. Rep., 794; Lamar v. State, 49 Texas Crim. Rep., 563, 95 S. W. Rep., 509.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case the appellant was indicted for swindling, and upon a trial he was convicted and his punishment assessed at two years confinement in the penitentiary.

1. The main contention in this case is presented in the motion to quash the indictment. It appears from the record that defendant met C. D. Robinson in the town of Abilene. Robinson had a pair of mules he desired to sell. Defendant agreed to give him $300 for the mules, and agreed to pay $25 in cash and give a deed of trust on eighty acres of land. Defendant represented that he was the owner of the land, and that it was free from encumbrance. Robinson states he relied on this representation, sold and delivered the mules to defendant, and took a deed of trust on the land. Instead of the land being free of encumbrance, the land had been bought from two men named Cozort, and they held vendor's lien notes against this and other land to the amount of $2960, which was expressed in the deed from Cozorts to Brown, and which deeds were of record in Taylor County.

Defendant contends that Robinson had constructive notice that the land has a lien against it for this amount, and although he may have represented that the land had no lien against it, such representation was a noncriminal lie, and swindling could not be based thereon.

In this contention we do not agree with defendant, and think the motion to quash the indictment was properly overruled.

In the case of The State v. Munday, 78 N. C., 460, it is held: "An indictment for obtaining goods under false pretenses can be maintained against one who sells and conveys land for a price, by falsely representing it to be free from encumbrances and the title thereto perfect, when the land is in fact encumbered with a mortgage known to defendant."

Again, in Kerr on Fraudulent Conveyances, it is held:

"The allegation of misrepresentation may be effectually met by proof that the party complaining was well aware and cognizant of the real facts of the case, but the proof of knowledge must be clear and conclusive. A man who, by misrepresentation or concealment, has misled another, can not be heard to say that he might have known the truth by proper inquiry; but must, in order to be able to rely on the defense that he knew the representation to be untrue, be able to establish the fact upon incontestible evidence, and beyond the possibility of a doubt. Boyce v. Grundy, 3 Pet., 210; Younge v. Harris, 2 Ala., 108; Clopton v. Cogart, 13 Smed. & Mar., 363; Connersville v. Wadleigh, 7 Blackf., 102; Anderson v. Burnett, 5 How. (Miss.), 165.

"If a definite or particular statement be made as to the contents of property, and the statement be untrue, it is not enough that the party to whom the representation was made may have been acquainted with the property. A very intimate knowledge with the premises will not necessarily imply knowledge of their exact contents, while the particularity of the statement will naturally convey the notion of exact admeasurement. Hill v. Buckley, 17 Ves., 394. See King v. Wilson, 6 Beav., 124. The fact that he had the means of knowing or of obtaining information of the truth which he did not use is not sufficient. Lysney v. Selby, 2 Lord Raym., 1118, 1120; Dobell v. Stevens, 3 B. & C., 623; Rawlins v. Wickham, 3 D. & J., 304. It is not indeed enough that he may have been wanting in caution. A man who has made false representations, by which he has induced another to enter into a transaction, can not turn round on the person whom he has defrauded and say that he ought to have been more prudent and ought not to have concluded the representations to be true in the sense which the language used in the prospectus naturally and fairly imports. New Brunswick, etc., Railway Co. v. Muggeridge, 1 Dr. & Sm., 382. Nor is it enough that there may be circumstances in the case which, in the absence of the representation, might have been sufficient to put him on inquiry. The doctrine of notice has no application where a distinct representation has been made. A man to whom a particular and distinct representation has been made is entitled to rely on the representation and need not make any further inquiry, although there are circumstances in the case from which an inference inconsistent with the representation might be drawn.

(Grant v. Munt, Coop., 173; Van v. Corpe, 3 M. & K., 269; Flight v. Barton, ib., 282; Dobell v. Stevens, 3 B. & C., 623; Pope v. Garland, 4 Y. & C., 394; Wilson v. Short, 6 Ha., 366, 377; Drysdale v. Mace, 2 Sm. & G., 225, 230, 5 D. M. & G., 103; Cox v. Middleton, 2 Drew., 209; Grosvenor v. Green, 5 Jur. N. S., 117; Rawlins v. Wickham, 3 D. & J., 304; Kisch v. Central Venezuela Railway Co., 3 D. J. & S., 122; Smith v. Reese River Silver Mining Co., L. R. 2 Eq., 264.) He is not bound to inquire unless something has happened to excite suspicion (Rawlins v. Wickham, 3 D. & J., 304. See Farebrother v. Gibson, 1 D. & J., 602), or unless there is something in the case or in the terms of the representation to put him on inquiry. Kent v. Freehold Land & Brickmaking Co., L. R., 4 Eq., 587. The party who has made the representation can not be allowed to say that he told him where further information was to be got, or recommended him to take advice, and even put into his hands the means of discovering the truth. However negligent the party may have been to whom the incorrect statement has been made, yet this is a matter affording no ground of defense to the other. No man can complain that another has relied too implicitly on the truth of what he himself stated. Reynell v. Sprye, 1 D. M. & G., 660; Rawlins v. Wickham, 3 D. & J., 304; Smith v. Reese River Silver Mining Co., L. R. 2 Eq., 264; Colby v. Gadsden, 15 W. R., 1185. See Harris v. Kemble, 5 Bligh., 730. If a vendor has stated in his proposals the value of the property, he can not, except under special circumstances, complain that the purchaser has taken the value of the property to be such as he represented it to be. Perfect v. Lane, 3 D. F. & J., 369. The effect of what would be otherwise notice may be destroyed not only by actual misrepresentation, but by anything calculated to deceive or even to lull suspicion upon a particular point. Dykes v. Blake, 4 Bing., N. C., 463; Bartlett v. Salmon, 6 D. M. & G., 33."

This rule is cited with approval in the 12 Am. & Eng. Enc., pp. 836 to 840, and vol. 14, p. 24, citing a number of authorities. Also in the Enc. of Pl. & Prac. under chapter entitled "False Representations and Deceit," pp. 883 et seq.

We are aware of a divergence of opinion in the decisions of this court, but we believe that the great weight of authority is with the majority of the court on this question in LaMoyne v. State, 53 Texas Crim. Rep., 221, and we hold there was no error in the refusal of the court to quash the indictment, and that although a person may have what is termed "constructive notice" under the statute, if he relies on the statement without actual notice, swindling may be based thereon, if a false representation is made, under articles 943 and 944 of the Penal Code of this State.

2. There was no error in overruling the motion for continuance, the defendant admitting in the testimony adduced on this motion that he had told Robinson there was no lien upon the land, and the

qualification of the court showing there was no process attached to the motion for a continuance. There was no diligence shown in the record, and in the absence of process for a witness, this court can not presume for or against any defendant.

3. There was no error in permitting a witness to give in detail a conversation with defendant in regard to this transaction prior to his arrest, and the court did not err in matters as shown by bill of exceptions No. 2.

4. The court did not err in the matters complained of in bill of exceptions No. 3, as qualified by the court. The court says:

"The only clock open to public view in Abilene is the courthouse clock, which has a large face on every one of the courthouse sides of the steeple, and during the whole of the present term of court, which convened August 29, 1910, and during all other terms of court during the past two years, the court had a rule in force that the sessions would be run by the courthouse clock as everyone could see it. This rule was well known to the defendant's counsel. When court adjourned on the night before, I announced plainly in the hearing of defendant's counsel that recess would be taken until 8:30 o'clock the next morning. On the morning in question the court was called at exactly 8:30 o'clock by the courthouse clock, which was the regular time for convening every morning. Defendant was present, but his counsel was absent. The court had the sheriff call said counsel at the window, and then waited five minutes, and then had said counsel called again. After waiting five minutes more the court proceeded with the business, and in about five more minutes counsel appeared, and the court then had the stenographer read to counsel all the evidence, both questions and answers, which occurred in his absence. When counsel appeared it was 8:42 by the court's watch and 8:47 by the courthouse clock, as the courthouse clock was five minutes faster than the court's watch. Defendant's counsel was given the right to object to any and all the testimony heard in his absence, and he made no objection whatever, except merely asking that it be excluded because he was absent. All the above except said testimony of Cozort took place in the absence of the jury, same having been retired."

5. There is no error in the matters shown in bill of exceptions No. 4, as the question of whether or not the Cozorts had a lien upon the land was shown by other testimony not excepted to, and the court in his qualification shows that, as follows: "The district attorney had given both the defendant and his counsel notice to produce the original deed from the Cozorts to the defendant, covering the land in controversy, and they had failed and refused to produce the same. The State introduced the original deed record book containing the record of said deed in the deed records of Taylor County, Texas, after having properly proven the execution of said deed, and the delivery of same to the defendant."

6. The court did not err in the matter complained of in bill of

exceptions No. 5, it appearing from the record that the State had given to defendant and his counsel notice to produce the deed from the Cozorts to defendant. Under those circumstances the deed record was admissible.

7. There was no error in permitting the vendors' lien notes to be introduced in evidence, it being shown that defendant had represented there was no lien upon the land, and the State had introduced the deed showing a lien retained to secure the payment of the notes, and there was no error in showing that the notes had not been paid on the date defendant purchased the mules, and who was the owner of the notes on that date.

8. There was no error in permitting the State to show that in the transaction between the Cozorts and defendant, that the consideration was not correctly stated, and that in fact nothing had been paid by defendant, in view of the instruction of the court that if the land was sufficient to pay both debts defendant would not be guilty of any offense.

9. There was no error in permitting the evidence of the witness Posey to be adduced. Defendant not only contended that no indictment could be based on the facts of this case, but if an indictment could be based thereon, then he alleged that the land was of sufficient value to pay both debts. As the court charged the jury that if the land was of sufficient value to pay both debts, they would acquit defendant, there was no error of which defendant could complain.

10. The defendant having received the minimum punishment, if he was guilty of this offense, he can not be heard to complain that the court charged a different term of punishment.

11. The matters complained of in the eighteenth ground of the motion for a new trial can not be considered by this court inasmuch as it is not shown that such matters took place. There is no bill of exceptions in the record, and nothing upon which this court could decide.

The court fairly in his charge presented the case both from the standpoint of the State and the defendant. The special charges requested by defendant were covered by the court's charge, and the evidence in the case being sufficient for the jury to conclude that the defendant represented that the land was free of encumbrance, that such allegation was untrue, and that same was insufficient to satisfy both liens, the judgment is affirmed.

*Affirmed*

## ON REHEARING.

### June 21, 1911.

HARPER, JUDGE.—At a former day of this term the judgment of the lower court was affirmed, and appellant has filed a motion for a rehearing, and in it he insists that this court erred in holding that the court's main charge sufficiently presented the question of whether

the property was of sufficient value to pay both liens. The court charged the jury: "You are charged that should you believe from the evidence that at the time the defendant gave to Robinson the deed of trust on the south eighty acres of land, the remaining north eighty acres of the quarter section purchased by him from the Cozorts, was of the reasonable cash market value, sufficient to pay off the $2960 notes theretofore given by defendant to said Cozort, if he did give them, then in such event you will acquit the defendant."

Appellant insists that the court should have instructed the jury that if the entire 160 acres was of sufficient value to pay both liens, they would acquit the defendant.

As the original opinion may be misleading in this respect, we have again considered this question. It appears from the record that prior to this trial appellant had deeded the whole 160 acres back to Cozort in settlement of the $2960 vendor's lien notes, and thus Robinson was deprived of all security, unless he was able and willing to pay the Cozorts the $2960 and accumulated interest. The record being in this condition, no such error was committed as calls for a reversal of the judgment.

All the other questions raised are passed on in the original opinion.

The motion for rehearing is overruled.

*Overruled.*