## ALBERT HESBROOK v. THE STATE.

No. 23332. Delivered May 1, 1946.

The opinion states the case.

*Kelley & Looney, Rogers Kelley,* and *L. Hamilton Lowe,* all of Edinburg, for appellant.

*Ernest S. Goens,* State's Attorney; of Austin, for the State.

DAVIDSON, Judge

This is a conviction upon plea of guilty to the offense of theft by false pretext; the punishment, four years in the State penitentiary.

The same procedure was here followed as set out in another case against the same appellant, being Cause No. 23,331, this day decided. (Page 310 of this volume). That procedure will not be here again stated. The sufficiency of the evidence to support the conviction is challenged.

Mrs. Villareal, the injured party, testified:

"On or about November 24, 1944, I paid the defendant Albert Hesbrook, $100.00 for which he said he was going to buy some clothes and open a second-hand clothing store here for me. He never did buy any clothes with that $100.00 or return the money to me."

This is all the testimony upon which this conviction rests.

It is now the settled law of this State that in order to constitute the crime of theft by false pretext under the provisions of Aricle 1413, P. C., the property must come into the possession of the accused as a result of a false representation or pretext. Roe v. State, 140 Tex. Cr. R. 387, 144 S. W. (2d) 1104.

Under the instant facts, no false representations or pretext is shown. It is impossible to ascertain therefrom who began the negotiations leading up to the delivery of the $100.00 by the injured party to appellant. For aught this record shows, the injured party may have been the instigator of the transaction. Moreover, a reasonable construction to be placed upon the quoted language is that the injured party, without representation on the part of appellant, delivered to him the $100.00 which the appellant agreed and promised to use in buying second-hand clothing and to open a store for her. Such facts would not constitute theft by false pretext. Stokeley v. State, 24 Tex. App. 509, 6 S. W. 538; Segal v. State, 98 Tex. Cr. R. 485, 265 S. W. 911, 35 A. L. R. 1331.

The facts being insufficient to support the conviction the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.