**R. D. WATKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41880.**

Court of Criminal Appeals of Texas.

March 5, 1969.

Rehearing Denied April 16, 1969.

Mitchell, Gilbert & McLean, by Arthur Mitchell, and Phillip W. Gilbert, Austin, for appellant.

Ogden Bass, Dist. Atty., James E. Brown, Asst. Dist. Atty. Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is theft over $50.00 by false pretext; the punishment, assessed by the jury, 5 years' confinement in the Texas Department of Corrections.

Appellant, in grounds of error #2 and #3, challenges the sufficiency of the evidence to sustain the conviction.

The complaining witness, Mrs. Margaret Clark, a 74-year-old widow, testified that on April 6, 1967, the appellant and one David Snyder appeared at her house in Freeport, Brazoria County, Texas, between 9 and 10 a. m. She related that they stated they were representatives of an insurance company (American Retirement) which had purchased or merged with the insurance company (Community Health and Life) with which she held a policy; that such policy had to be "updated" to make Medicare applicable; that when she protested she did not have time she was informed the two men had to return to Ft. Worth that day and it was "now or not at all"; that the appellant requested her Community Health and Life policy and then filled out an application which he had her sign and that when she inquired if "this costs money" Snyder informed her that only an annual payment was acceptable ($180.62); that after she "started the check" she responded to the call of a painter working in the house and when she returned Snyder had entered his name as payee on the check and she signed the same, Snyder stating he had left her receipt in her insurance book; that the appellant and Snyder then left together.

Mrs. Clark further related that when Mr. Johnson, an official representative of Community Health and Life Insurance Company, appeared at her home a week or ten days later she learned there had been no merger; that she discovered she did not have a receipt in her insurance book; that her bank informed her the $180.62 check had been cashed in Ft. Worth the morning after it was signed and had cleared her account at Freeport National Bank; that the check returned to her bore the endorsement of "David Snyder" and "R. D. Watkins, Act. No. 417873"; that she had parted with her check upon the representations of the appellant and Snyder which she believed at the time to be true; that she had received nothing in return.

The check in question, State's Exhibit No. 1, was introduced into evidence without objection. It bore notations reflecting that it had been presented to the Union Bank of Ft. Worth, Texas, on April 7, 1967, and honored by the Freeport National Bank on April 10, 1967.

Other State's evidence reveals that neither the appellant nor David Snyder had ever been employed by Community Health and Life or American Retirement In-

surance companies and that neither man was licensed at the time of the transaction [1] by the State Board of Insurance to sell insurance; that there had been no merger of such companies both based in Ft. Worth.

Appellant did not testify, but called two alibi witnesses who placed the appellant in Ft. Worth and Dallas at the time in question where he was booking entertainment acts. Both alibi witnesses, an entertainer-singer and appellant's secretary at the time, admitted the endorsement on the check in question, State's Exhibit No. 1, was appellant's signature with which they were familiar.

The court charged the jury on the law of principals.

■ The jury by their verdict rejected appellant's defense of alibi, and viewing the verdict in the light most favorable thereto, we find the evidence sufficient to sustain the conviction.

■ We find no merit in appellant's contention that the evidence does not support the allegations in the indictment that appellant acquired $180.62 "in money" but merely shows that appellant received a check. Though theft of money is alleged in the indictment it is sufficient for the State to prove that a check was given in the amount alleged, that the check was endorsed by the accused, cashed and cleared through the maker's bank and charged against the maker's account. Paiz v. State, 167 Tex. Cr.R. 496, 320 S.W.2d 827; 17A Texas Digest False Pretenses ⊙⟶38.

Lieske v. State, 60 Tex.Cr.R. 276, 131 S.W. 1126, relied upon by appellant, is distinguished from the case at bar for the same reasons set forth in Wimer v. State, 120 Tex.Cr.R. 576, 48 S.W.2d 296 and Paiz v. State, supra. Metzger v. State, 168 Tex.

Cr.R. 268, 325 S.W.2d 396, also cited by appellant, has no application since Mrs. Clark's ownership of the bank account from which the money was withdrawn by virtue of the check is not questioned.

Appellant's grounds of error #2 and #3 are overruled.

Turning to appellant's first ground of error, we find he contends the trial court erred in failing to grant a new trial on the basis of newly discovered evidence.

■ Evidence discovered subsequent to trial is a proper ground of a motion for a new trial in a criminal case. See Article 40.03, Vernon's Ann.C.C.P. As said in 41 Tex.Jur.2d, New Trial, Sec. 105, p. 253, however:

"To justify the grant of a new trial it generally must be shown that the evidence was unknown to the movent before the trial, that his failure to discover it was not due to his want of diligence, that its materiality was such as would probably bring about a different result on another trial, and, generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching."

At the outset, we observe that appellant's motion for new trial did not allege newly discovered evidence as a ground therefor. The order entered overruling such motion on May 23, 1968, stated that at the hearing on such motion appellant's counsel offered no evidence or argument in support thereof.

Appellant bases his claim on the fact the record reflects that during the trial, the prosecutrix, out of the jury's presence, identified Jerry Conditt, appellant's former

1. The record reflects that appellant was briefly licensed to sell insurance from May 7, 1965, to November 20, 1965, and from February 17, 1966, to May 18, 1967, but not for the companies mentioned.

business partner and proposed alibi witness, as "David Snyder." At such juncture the district attorney informed Conditt that there was an outstanding arrest warrant for Snyder, and the court advised Conditt of his right to claim his privilege against self incrimination. After conference with Conditt, who had testified as an alibi witness at the first trial of this cause which resulted in a mistrial when the jury failed to reach a verdict, the appellant's counsel announced that Conditt would not be called as a witness.

Appellant advanced his claim of newly discovered evidence for the first time in his appellate brief and the supplement thereto filed in the trial court in accordance with Article 40.09, Sec. 9, V.A.C.C.P., to which he attached an affidavit of the witness Conditt. Such affidavit states that since the overruling of the motion for new trial he had been given a lie detector test by the State which proved he was not David Snyder; that the action of the prosecuting attorney at the trial had prevented him from giving the same alibi testimony he had related at the first trial.

It should be borne in mind there is a distinction between the office of a motion for new trial (Articles 40.01–40.08, V.A.C.C.P.) and the duty of the trial court to decide from the appellate briefs filed in the trial court and oral arguments, if any, whether the defendant should be granted a new trial. Article 40.09, Sec. 12, V.A.C.C.P., as amended, 1967. Articles 40.01–40.08, supra, are part of the trial procedure and Article 40.09, supra, is a part of the appellate procedure.

Apparently recognizing this distinction, appellant nevertheless urges that under the circumstances presented, the trial judge should have ordered a hearing on a motion for new trial after he had read the appellate briefs. We cannot agree.

■ Further, even if the appellate briefs are considered as a second motion for new trial, we cannot agree that the trial court abused its discretion where such briefs were filed months after the usual deadline for such motions. See Article 40.05, V.A.C.C.P. Steward v. State, Tex.Cr.App., 422 S.W.2d 733.

■ Still further, such briefs were not sworn to, as motions for new trial based upon newly discovered evidence are required to be. For this reason alone the claimed error is not presented for review. Browning and Flanagan v. State, 432 S.W.2d 85. The attached affidavit of the allegedly newly discovered witness will not suffice to supply the deficiency. Browning and Flanagan v. State, supra.

■ Even if a motion for new trial based on newly discovered evidence had been properly presented, the court would not have erred in overruling the same since (1) evidence of a polygraph or lie detector test is not admissible for any purpose, for either the State or the defense, Placker v. State, 171 Tex.Cr.R. 406, 350 S.W.2d 546; (2) the evidence was not in fact newly discovered; (3) such evidence at most was cumulative or impeaching testimony.

The judgment is affirmed.