**Albert D. HINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46290.**

Court of Criminal Appeals of Texas.

June 6, 1973.

Paul Jensen, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell & George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was indicted with Charles Kane for the felony offense of burglary with intent to commit theft, alleged to have been committed on February 16, 1967. Appellant was tried on February 1, 1971, after a severance, before a jury on a plea of

not guilty. He was found guilty as charged on February 2, 1971, and punishment of four years imprisonment was assessed by the jury on February 3, 1971. He filed his original motion for new trial on February 12, 1971, which was overruled by the court after arguments of counsel on March 4, 1971. Appellant was sentenced on March 4, 1971, and notice of appeal was given the same day. He filed an amended motion for new trial based on newly discovered evidence on June 4, 1971. The record reflects that the motion was refused on August 6, 1971. Subsequently, appellant filed a second amended motion for new trial on September 14, 1971. The record reflects that the court did not act on this motion.

The sufficiency of the evidence is not challenged.

█ In his first ground of error appellant complains of the trial court's refusal to allow appellant to go to the jury at the punishment phase for possible assessment of a probation penalty. Article 42.12, Section 3a, Vernon's Ann.C.C.P., provides:

"In no case shall probation be recommended by the jury except when a sworn motion and proof shall show . . . that the defendant has never before been convicted of a felony in this or any other State . . ."

Appellant's motion for probation affirmatively shows that appellant had been given probation upon a conviction for the offense of possession of marihuana prior to the filing of his application for probation in the instant case. By his own motion, appellant admits facts that preclude a jury from recommending probation.

█ Appellant's first ground of error is overruled.

Appellant's second ground of error contends that the court erred in refusing to grant appellant's motion for withdrawal of his announcement of ready and his motion for continuance. This case was continued either by motion of appellant, agreement of counsel or operation of law for three years after indictment. The disposition of appellant's continuance motion, made after he had announced ready and had engaged in voir dire examination of the jury, was within the discretion of the trial judge. A motion for continuance filed on the day of trial based on an absent witness must contain an affidavit of such witness attached thereto or set forth facts expected to be proved, and must show on its face the materiality of the absent testimony. Palasota v. State, Tex.Cr.App., 460 S.W.2d 137, 139; Webb v. State, Tex.Cr.App., 460 S. W.2d 903; Ikner v. State, Tex.Cr.App., 468 S.W.2d 809. No abuse of discretion is shown.

Appellant's second ground of error is overruled.

In his third ground of error, appellant complains of the trial court's refusal to grant his request for a charge on circumstantial evidence.

The testimony of the arresting police officer, who witnessed the burglary while in progress, reflected that he saw appellant's coindictee, Kane, leave the burglarized building carrying an armload of suits directly from the store to an awaiting automobile parked approximately 90 to 100 feet away on a side street adjacent to the building and place the suits in the automobile. The officer also testified that appellant was sitting behind the steering wheel in the driver's seat with the engine running while Kane entered the vehicle and that an armload of suits taken from the store was discovered in the back seat of the car when the officers arrested appellant and Kane. Additional testimony indicated that the illegal entry had apparently been gained by kicking in the door of the building because glass had been broken out of the half glass door and a boot print was visible on the door. All of said merchandise was identified by the store manager as having been taken from the store without his consent.

■ The court charged the jury on the law of principals and instructed them that the evidence must clearly and satisfactorily establish that the persons claimed to be principals acted together in the commission of the offense in pursuance of a common intent, and that the offense was committed in the execution of the common intent. Appellant testified in essence that he was merely present at the scene of the crime in pursuance of a lawful and innocent intent. The jury did not choose to believe appellant, and it is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Article 36.13, V.A. C.C.P.

■ We conclude that the eyewitness testimony offered by the police officers and the possession by appellant in plain view of recently stolen property immediately after the burglary constitute sufficient evidence of the main fact to be proved and that a charge on circumstantial evidence was not required. See Hill v. State, Tex.Cr.App., 466 S.W.2d 791; Hall v. State, Tex.Cr.App., 490 S.W.2d 589; Riggins v. State, Tex.Cr.App., 468 S.W.2d 841. Cf. Payne v. State, Tex.Cr.App., 480 S.W.2d 732.

Appellant's third ground of error is overruled.

■ Appellant contends in his fourth and fifth grounds that the trial court erred in refusing to afford appellant a substantive hearing on his first and his second amended motions for new trial.

Material evidence that has been discovered subsequent to trial is a proper ground to be considered on hearing of a motion for new trial in a criminal case. See Article 40.03, V.A.C.C.P. The requisites of a newly discovered evidence motion have been enunciated frequently by this Court and need not be reiterated. See Watkins v. State, Tex.Cr.App., 438 S.W.2d 819; Bennett v. State, Tex.Cr.App., 455 S.W.2d 239; Huffman v. State, Tex.Cr.App., 479 S.W.2d 62; 41 Tex.Jur.2d, New Trial, Sec. 105, p. 253.

However, as in Watkins, supra, we observe that appellant's original motion for new trial did not allege newly discovered evidence as a ground therefor. The record reflects that the original motion was argued on the grounds that "the judgment was contrary to the law and evidence in said cause." The record further reflects that at a time when no amendments had been filed and following a hearing on March 4, 1971, exactly twenty days after the original motion was filed, the original motion was overruled, appellant was sentenced, and appellant gave notice of appeal. Had the court failed to act on appellant's motion for new trial on March 4, 1971, said motion would have been overruled by operation of law. Steward v. State, Tex. Cr.App., 422 S.W.2d 733.

Appellant advanced his claim of newly discovered evidence for the first time in his first amended motion for new trial filed on June 5, 1971, three months after appellant had been sentenced and given notice of appeal. Appellant's second amended motion was filed on September 14, 1971, over six months after sentencing. While appellant is not asserting his claim in his appellate brief for the first time as was the case in Watkins, supra, his contention under the fourth and fifth grounds of error that the substance of his first and second amended motions should have been considered by the trial court is similar to the argument in Watkins, supra. The long delay in the filing of the amended motions is tantamount to placing the motions in the realm of Article 40.09, V.A.C.C.P., trial procedure. As in Watkins, we agree that the trial court properly declined to order a hearing on the amended motions for new trial.

Appellant's fourth and fifth grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.