James Madison WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-81-00059-CR.

Court of Appeals of Texas,
Dallas.

Nov. 16, 1981.

---

James M. Beggs, G. Jefferson Mason, III, Dallas, for appellant.

Steve Wilensky, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and SPARLING, JJ.

SPARLING, Justice.

The appellant, on his plea of not guilty, was convicted by a jury of theft of property valued over $200.00 and under $10,000. The court assessed punishment at five years confinement in the Texas Department of Corrections. In four grounds of error the appellant complains that the evidence was insufficient because the indictment described the property as "current money of the United States of America," yet the State only proved "money"; that the court erred in admitting evidence of extraneous offenses; that the court improperly admitted testimony of witnesses who had violated the "rule" of evidence as proscribed by Tex. Code Crim.Proc.Ann. art. 36.03 (Vernon 1977); and that the indictment failed to allege an offense under the laws of the State of Texas. We hold that there is no reversible error and, therefore, affirm.

The complainant, James Satterfield, was the owner of Tire Cosmotology, Inc. that specialized in the repair of road damaged tires. Satterfield invented a machine, named Cosmo G–333, that he used in his business. To market this machine, Satterfield needed an Underwriter's Laboratories (U.L.) approval. Satterfield knew James Madison White, appellant, in an unrelated business context. Appellant represented to Satterfield that he was experienced in obtaining U.L. approvals, and in October, 1977, volunteered to secure the approval for Satterfield. Appellant charged a $1,200.00 fee for this service which, by the terms of an agreement, was payable upon receipt of the U.L. approval. Satterfield did not receive the approval.

Appellant, in requesting an advance of money, represented to Satterfield that he had forwarded $600.00 and a schematic drawing of the machine to Roland Scott at Underwriter's Laboratories. Relying on this representation, Satterfield wrote a $400 check to appellant. Later, Satterfield discovered that appellant had neither contacted Underwriter's Laboratories nor sent them $600.00. Further, Underwriter's Laboratories never employed anyone named Roland Scott. Appellant refused to repay the $400 to Satterfield until the day before the trial.

Appellant's first ground of error asserts that proof of a check for $400 is insufficient to support the allegation "current money of the United States of America," as the property was described in the indictment. It is also claimed by appellant that the State failed to prove that appellant received the proceeds of the check.

The record reflects that on December 20, 1977, Satterfield handed a check in the

amount of $400 to appellant, personally. The maker of the check was Tire Cosmotology, the payee "J. M. White and Associates," and the endorsement was signed: "Jim White." The check was cashed on the following day.

In a theft case, *Stanfield v. State*, 152 Tex.Cr.R. 324, 213 S.W.2d 837 (1948), the State offered evidence of the theft of "money" but not that it was "lawful money of the United States" as the indictment had alleged. In affirming, the court held that " 'money', in common parlance means money of the United States." In *Watkins v. State*, 438 S.W.2d 819 (Tex.Cr.App.1969) the court held that an indictment which alleges a "theft of money" may be proved by the theft of a *check*, coupled with evidence that it was endorsed by the accused, cashed, and charged against the maker's account.

In applying the test in *Watkins, supra*, we hold that testimony by Satterfield that the check was cashed, and evidence that the appellant "took the money" from Satterfield proved that the check was credited against the maker's account. Further, Satterfield testified that he identified the endorsement on the check as appellant's signature. He could do so because he had previously seen appellant sign his name on State's Exhibit No. 2, a written agreement between appellant and Satterfield. Also, the endorsement on the check and the signature on State's Exhibit No. 2 were admitted before the jury, and provided a basis for comparison by the jury pursuant to Tex. Code Crim.Proc.Ann. art. 38.27 (Vernon 1977). We hold that the evidence was sufficient to prove that appellant cashed the check, thereby taking "current money of the United States of America." We overrule the appellant's first ground of error.

■ In appellant's second ground of error he contends that the court erred in admitting evidence of extraneous offenses in the State's case in chief. We do not agree. The extraneous offense was proved by the testimony of Thomas Alex Emms. Appellant met Emms in July, 1977, and persuaded him to invest $1,500 to purchase soccer balls. Appellant represented himself as owner of Team Sports, Inc., and said that

he had a contract to deliver soccer balls to Dallas Independent School District which would fail for want of sufficient capital to purchase the balls. To convince Emms to invest, appellant showed Emms a fictitious purchase order from the school district and an invoice to the school district.

The facts of the primary offense and the extraneous offense are similar in that both Emms and Satterfield were to benefit from their investment: Emms was to share appellant's profit from the sale of the soccer balls, and Satterfield was to benefit by saving money in obtaining U.L. approval. In each case appellant claimed unforeseen cash shortages as a reason to request money, and false documentation was used to persuade each to part with his money.

■ This is a theft case and the indictment alleges that Satterfield did not give "effective consent" to the taking of property because it was induced by "deception." The State must prove that although the complainant intended to tender the item of value to the appellant, he did not give his "effective consent" to its being taken within the meaning of Tex.Penal Code Ann. § 31.01 (Vernon 1974). Stated differently, the State must prove the intent of the actor to steal in spite of the complainant's willingness to part with the property. Extraneous offenses may be admitted in the State's case in chief "to prove scienter, where intent or guilty knowledge is an essential element of the state's case and *cannot be inferred by the act itself*," (Emphasis added). *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972); *Crawley v. State*, 513 S.W.2d 62 (Tex.Cr.App.1974); *Barnes v. State*, 503 S.W.2d 267 (Tex.Cr.App.1974); *Rogers v. State*, 598 S.W.2d 258 (Tex.Cr.App.1980). We hold that the extraneous offense is sufficiently similar to the present case to be admitted to show the appellant's intent, and accordingly overrule appellant's second ground of error. In appellant's second ground of error he also complains that evidence of six extraneous offenses was introduced, yet appellant objected to only the one previously discussed. Under the authority of *Gentry v. State*, 494 S.W.2d 169 (Tex.Cr.App.1973), the failure to object

leaves nothing else for review in this ground of error.

■ In his third ground of error appellant contends that the court erred in allowing the testimony of three witnesses who discussed the case in a witness room after being placed under the "rule" pursuant to Tex.Code Crim.Proc.Ann. art. 36.03 (Vernon 1977). *Haas v. State*, 498 S.W.2d 206 (Tex. Cr.App.1973) held that the witness in violation of the rule must first hear testimony of a witness, and later contradict that witnesses' testimony. A search of the record shows that neither of the circumstances required by *Haas*, were present, and that no harm to the appellant resulted from the violation. We hold that the trial judge did not abuse his discretion in admitting the testimony of the three witnesses and, accordingly overrule appellant's third ground of error.

■ In his fourth, and final, ground of error appellant argues that the court erred by substituting the word "appropriate" in the court's charge for the words "exercising control over" as alleged in the indictment, thereby failing to allege an offense. The appellant failed to object to the charge. The variance "is not fundamentally defective as an enlargement upon the allegations in the indictment," *Jackson v. State*, 571 S.W.2d 1 (Tex.Cr.App.1978). The fourth ground of error is overruled.

Affirmed.