

# THE ATTORNEY GENERAL
## OF TEXAS

September 28, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rayford A. Ratliff
Moore County Attorney
P. O. Box 634
Dumas, Texas 79029

Opinion No. JM-798

Re: Whether a defendant is eligible for misdemeanor probation while he is serving a probated felony sentence

Dear Mr. Ratliff:

You ask:

> 1. Does the term 'convicted' in article 42.12, 3a(b), Texas Code of Criminal Procedure mean a 'final conviction' as that term is developed in Texas case law?

> 2. Is a criminal defendant eligible to apply for misdemeanor probation while he is on felony probation that has not been revoked and has not terminated by operation of law?

Section 3a(b) of article 42.12(B), Texas Code of Criminal Procedure, provides:

> Where there is a misdemeanor conviction in any court of this state and the punishment assessed by the jury shall be by imprisonment in jail or by a fine or by both such fine and imprisonment, the jury may recommend probation for a period of time not to exceed the maximum imprisonment applicable to such offense of which the defendant is convicted, upon sworn motion made therefor by the defendant, filed before the penalty stage of the trial begins. When the jury recommends probation, it may recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated. If the jury recommends probation for a person convicted of an offense under Article 6701l-1, Revised Statutes, and punished under Subsection (c) of that article, it may recommend that any operator's, commercial

> operator's, or chauffeur's license issued to the
> defendant under Chapter 173, Acts of the 47th
> Legislature, Regular Session, 1941, as amended
> (Article 6687b, Vernon's Texas Civil Statues), not
> be suspended. When the trial is to a jury and the
> defendant has no counsel, the court shall inform
> the defendant of his right to make such motion,
> and the court shall appoint counsel to prepare and
> present same, if desired by the defendant. In no
> case shall probation be recommended by the jury
> except when the defendant, before the trial began,
> had filed a sworn statement that the defendant has
> never before been convicted of a felony, and after
> conviction and before the penalty stage of the
> trial began, the defendant shall have filed a
> sworn motion for probation and the proof shall
> show and the jury shall find in their verdict that
> the defendant has never before been convicted of a
> felony in this or any other state. This law is
> not to be construed as preventing the jury from
> passing on the guilt of the defendant, but the
> defendant may enter a plea of not guilty. In all
> eligible cases, probation shall be granted by the
> court, if the jury recommends it in their verdict.
> (Emphasis supplied.)

Your questions appear to be limited to trials before a jury since in a trial before the court the judge

> when it shall appear to the satisfaction of the
> court that the ends of justice and the best
> interests of the public as well as the defendant
> will be subserved thereby, shall have the power,
> after conviction . . . to suspend the imposition
> of the sentence and may place the defendant on
> probation . . . .

Code Crim. Proc. art. 42.12(B), §3.

You call attention to the holding in Ex parte Murchison, 560 S.W.2d 654 (Tex. Crim. App. 1978), that a conviction is not final for the purpose of enhancement of punishment where the imposition of sentence has been suspended and probation granted. A review of cases collected under the Texas Penal Code, sections 12.42 (Penalties for Repeat and Habitual Felony Offenders) and 12.43 (Penalties for Repeat and Habitual Misdemeanor Offenders), reflects that the holding in Ex parte Murchison is consistent with the holdings in a long line of cases which have addressed the necessity of proving the finality of a

conviction before it can be used for enhancement of punishment for repeat offenders.

In the event a probated sentence has been revoked it has been held to be a _final conviction_. _Ex parte Murchison_, _supra_. Your concern is directed to a scenario where the defendant is on felony probation, and the probated sentence has neither been revoked nor terminated by operation of law.

In _Nealy v. State_, 500 S.W.2d 122, 125 (Tex. Crim. App. 1973), it was stated:

> The judge or jury may grant probation only after conviction. Article 42.12, Sec. 3, Vernon's Ann.C.C.P.; Article 42.12, Sec. 3a, supra. When the probation is granted only the imposition of the sentence is now suspended. See special commentary by Judge Onion on Article 42.12, V.A.C.C.P. Thus, the Adult Probation and Parole Law affects sentencing only, not conviction.

In _Hines v. State_, 495 S.W.2d 252 (Tex. Crim. App. 1973), the court addressed the question of a defendant's eligibility to apply to the jury for probation where he had been given a probated sentence, as follows:

> In his first ground of error appellant complains of the trial court's refusal to allow appellant to go to the jury at the punishment phase for possible assessment of a probation penalty. Article 42.12, Section 3a, Vernon's Ann.C.C.P., provides:
>
> 'In no case shall probation be recommended by the jury except when a sworn motion and proof shall show . . . that the defendant has never before been convicted of a felony in this or any other state . . .'
>
> Appellant's motion for probation affirmatively shows that appellant had been given probation upon a conviction for the offense of possession of marihuana prior to the filing of his application for probation in the instant case. By his own motion, appellant admits facts that preclude a jury from recommending probation.

While the above opinions concerned probation in felony cases, we perceive no distinction in the application and proof required in

felony and misdemeanor cases in order for a jury to consider probation. Art. 42.12(B) subsections 3a(a) (felony) and 3a(b) (misdemeanor) contain identical substantive requirements for a defendant to be eligible for probation. Both provide:

> In no case shall probation be recommended by the jury except when the defendant, before the trial began, had filed a sworn statement that the defendant has never before been convicted of a felony, and after conviction and before the penalty stage of the trial began, the defendant shall have filed a sworn motion for probation and the proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other state.

It is our opinion that the courts make a distinction in the meaning of the term conviction in determining eligibility for probation under section 3a of article 42.12(B) and the meaning of final conviction as that term is used in determining whether a prior conviction may be used for enhancement of punishment.

## SUMMARY

A criminal defendant is not eligible to apply for a recommendation of probation from a jury in a misdemeanor case while the defendant is on felony probation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General