## EARNEST HATFIELD v. THE STATE.

### No. 1745.   Decided May 1, 1912.

**1.—Theft—Evidence—Partnership.**

Where upon trial of theft, the State's witness was asked whether he and his son were partners in the business from which the alleged stolen property was taken, which he answered in the negative, there was no error under the facts of the case.

**2.—Same—Evidence—Partnership.**

Where, upon trial of theft, the defendant claimed that the alleged owner was in partnership with his son, there was no error in permitting State's counsel to ask the son of the alleged owner whether he was in partnership with his father; besides, the bill of exceptions was insufficient. Following Conger v. State, 63 Texas Crim. Rep., 312.

**3.—Same—Charge of Court—Want of Consent.**

Where the owner of the alleged stolen property testified that he did not give his consent to the taking, the court correctly refused a charge that the State had failed to prove want of consent.

**4.—Same—Charge of Court—Value.**

Upon trial of theft under the value of fifty dollars, where the evidence showed that the defendant paid the alleged owner the sum of $1.75 for the property taken from his store, there was no error in refusing a charge that the State had failed to prove the value of the alleged stolen property.

**5.—Same—Charge of Court—Ownership—Partnership.**

Under Article 457, Code Criminal Procedure, where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them, and where the proof tended to show that the alleged owner was a member of a partnership and that he testified to a want of consent, there was no error in refusing a requested charge to acquit on this ground. Following Clark v. State, 26 Texas Crim. App., 486, and other cases.

**6.—Same—Charge of Court—Bill of Exceptions.**

In the absence of a bill of exceptions to the charge of the court in a misdemeanor case, there is nothing to review on appeal.

Appeal from the County Court of Hood. Tried below before the Hon. J. P. Mahan.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $5 and five days confinement in the county jail.

The opinion states the case.

*Payne & Davenport,* for appellant.—On question of admitting testimony on value: Meyer v. State, 4 Texas Crim. App., 121; Pitman v. State, 14 id., 576; Sands v. State, 30 id., 578.

On the question of want of consent: Coates v. State, 31 Texas Crim. Rep., 257.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was charged and convicted of the theft of one pair of gloves of the value of $1.75, the property of one Tolbert. His penalty was fixed at a fine of $5 and five days in jail.

Appellant has two bills of exception. The first shows that while the prosecuting witness Tolbert was on the stand he was asked by the county attorney: "Were you and your son, Jasper, partners in the mercantile business or did the goods belong to you individually? From which the gloves were taken?" Appellant objected to this on the grounds that it was a conclusion of the witness and highly prejudicial to the rights of appellant; that he should have been required to state the facts and not conclusions. It seems that he answered that the gloves belonged to him individually and not to him and his son. This is substantially all of the bill.

The other bill shows that while the State's witness Jasper Tolbert was on the stand the county attorney asked him: . "Were you and your father partners in the mercantile business, and is it not a fact that you were not partners, but you had no interest in the stock of goods from which the gloves in controversy were taken, but they belonged to your father, J. P. Tolbert, individually?" Appellant objected on the grounds, first, it was only a conclusion of the witness that he and his father were not partners; second, it was highly prejudicial to the rights of appellant, that he should be permitted to state the facts and

not his conclusions or deductions. The court overruled the objections and permitted witness to testify that the stock of goods from which the gloves were taken belonged to his father and there was no partnership; that witness did not have a cent invested in the stock of goods; that he worked for his board and clothes and spending money; that the stock of goods from which the gloves were taken belonged to his father and he had no interest in them. This is the whole, in substance, of this bill. It is seen by these bills that neither of them are sufficient to require this court to consider them. Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W. Rep., 1112. But even if we could consider these bills the questions asked and the answers given were not subject to the objections made, and even if they were, they do not present reversible error as we will show in discussing other features of the case.

Appellant requested a charge, which was refused to which he excepted, to the effect that the State failed to prove the want of consent of the owner to the taking of the gloves and to acquit the defendant. This should not have been given, because the complaining witness Tolbert, to whom the gloves were alleged to belong, expressly testified "I did not give my consent to the taking of the gloves."

Appellant also requested a charge which was refused to which he excepted, to the effect that the State failed to prove the value of the gloves alleged to have been stolen and to find the defendant not guilty. The uncontradicted proof shows that soon after the gloves were taken from the store of the complaining witness and they were missed, appellant was seen with them and he claimed to one of the State's witnesses that he had bought the gloves from Tolbert & Son. To Jasper Tolbert, the son of the complaining witness, he first denied that he had any gloves. A little later he came to the store and paid for the gloves and said it was the first time he had ever done such a thing and asked that nothing be said about it. To the complaining witnes he admitted that he had the gloves and said he would pay for them and this was the first time he had ever done like this and he did not want them to tell his father or mother about it. Jasper Tolbert testified that the appellant did pay him $1.75 for the gloves at the time he came to the store and stated what is shown above. Another witness claims to have been present and testified to the same thing. It is true that the only proof of the value of the gloves was that after he had admitted he had taken them he paid to the owner $1.75 for them. This evidence was sufficient to prevent the court from giving the said special charge which was refused.

The court in his charge to which there is no objection specifically tells the jury, among other things, that by fraudulent taking is meant that the property was taken without the consent of the owner, and again that the State must prove the taking of the property as alleged and when it fails to do so, defendant is entitled to an acquittal. He also properly charged reasonable doubt.

Appellant complains of the court's refusal to give his special charge to which he properly excepted, to this effect:

"I charge you at the request of the defendant, that although you may believe beyond a reasonable doubt from the evidence, that Earnest Hatfield, did take and appropriate one pair of gloves so as to come within the definition of theft as that term is herein defined, yet if you should believe that these came from the stock in front of which was a sign of J. P. Tolbert & Son, and was a part of that stock, and that Jasper Tolbert, was held out to the commercial world by this sign and statements made to creditors, then these gloves so taken would be the property of J. P. Tolbert and Son, a partnership, and you must acquit although you believe beyond a reasonable doubt that defendant took them and appropriated them to his own use and benefit." Our statute, article 457, Code Criminal Procedure, expressly provides: " . . . Where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them . . ." Under this statute the settled law of this State is that proof that A was a joint owner and possessor with others of the stolen property will support the allegation of the indictment which laid the ownership and possession in him only. It is also the settled law of this State that where the indictment or complaint and information, alleges ownership in one of the parties of a partnership, and the proof shows that it belonged to the partnership, of which he is a partner, there was no variance between the allegation and the proof and the court could properly charge the jury that the State need not prove want of consent, except as to the party in whom ownership is laid. Coates v. State, 31 Texas Crim. Rep., 257; Clark v. State, 26 Texas Crim. App., 486; Crockett v. State, 5 Texas Crim. App., 526; Henry v. State, 45 Texas, 84; Terry v. State, 15 Texas Crim. App., 66; Atterberry v. State, 19 Texas Crim. App., 401; Samora v. State, 4 Texas Crim. App., 508; Pitts v. State, 14 S. W., 1014; Duncan v. State, 49 Texas Crim. Rep., 150; Bailey v. State, 50 Texas Crim. Rep., 398. So that even if it had been proven that Jasper Tolbert was a partner with the complaining witness, the court charged correctly and correctly refused to give appellant's said special charge.

We have discussed and decided all the material questions raised by appellant. The others attempted to be raised by the motion for new trial,—some complaints of the charge of the court,—can not be considered because there is no bill of exceptions to the charge of the court and the complaints in the motion for new trial are so general as not to call for any review of them by this court. The judgment will be affirmed.

*Affirmed.*