## CHARLES THOMAS v. THE STATE.

### No. 5374. Decided April 23, 1919.

**1.—Petty Theft—Value—Charge of Court.**

Where, upon trial of misdemeanor theft, the evidence showed that the alleged stolen property, or the material going into the same, was bought for two dollars, this was sufficient proof of the value under the law, there being no question involved as to whether the offense was felony or misdemeanor, and there being no exceptions as to the manner of proving value. Following Hatfield v. State, 66 Texas Crim. Rep., 338, 147 S. W. Rep., 237, and other cases.

**2.—Same—Verdict—Fine and Imprisonment.**

Where, upon trial of misdemeanor theft, the jury found the defendant guilty and fixed his fine at one hundred dollars, without adding some term of imprisonment, the judgment must be reversed and cause remanded.

Appeal from the County Court of Sabine County. Tried below before the Hon. F. P. Adams, judge.

Appeal from a conviction of misdemeanor theft; penalty, a fine of one hundred dollars.

The opinion states the case.

*Minton & Lewis,* for defendant.—On question of want of proof of value: Radford v. State, 35 Texas, 15; Sands v. State, 30 Texas Crim. App., 578; Hasley v. State, 50 id., 45.

*E. A. Berry,* Assistant Attorney General, and *L. E. King,* County Attorney, for the State. Cited cases in opinion.

LATTIMORE, JUDGE.—In this case appellant was convicted in the County Court of Sabine County of misdemeanor theft and his punishment fixed at a fine of $100.

There is but one question raised in the brief of appellant, which is raised in several ways, both by exceptions to the court's charge for failure to instruct on that point, and also by special charge requesting such instruction, and in the motion for new trial. The point so stressed is the insufficiency of the evidence on the question of value. Appellant was convicted for the theft of two quilt tops of the value of ten dollars, and on the trial the owner, after testifying that he bought various parts of the material which went into such quilt tops, was handed one of them and was asked a specific question by the county attorney as to whether or not such quilt top had any value, to which he replied: "Yes, I paid two dollars for the material that went in that quilt top." It is objected that this was not sufficient proof of the value.

Our statute only requires that there be proof of some value in order to make the taking of such property punishable, and it h

been repeatedly held that the manner of proving the value will vary with the particular kind and character of property, and that even an erroneous method of proving value will not be held reversible error unless excepted to and the error here presented by bill of exceptions. See Ramon v. State, 98 S. W. Rep., 872. In the Hatfield case, 66 Texas Crim. Rep., 338, 147 S. W. Rep., 237. this court held that it was sufficient proof of value to show what the owner was paid for the alleged stolen property by the defendant, after being charged with the theft. We think where the alleged owner was permitted without objection, to state what he paid for the article a short time before the theft and to state that it did have a value, sufficiently meets the requirements of the statue. If the value of the property were anywhere near the borderline established by statute between felony and misdemeanor theft, there would be more reason in requiring that the proof be more specific. In the instant case, there is no contention but that the property is of such value, if any at all, as to make it a misdemeanor.

This case, however, must be reversed because of the erroneous verdict against the appellant. Our statute against misdemeanor theft makes the same punishable by imprisonment and fine, or else imprisonment without fine, but nowhere permits the punishment to be by fine alone. In this case it appears that the verdict of the jury was that they found the appellant guilty and fixed his fine at $100 This is not in accord with the statute and the judgment of the lower court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*