TOM BUSEY V. THE STATE.

No. 5685.   Decided February 25, 1920.

**Theft of Fruit—Punishment—Statutes Construed.**

Where defendant was charged by information with theft in regular form of ten bushels of pears and fined ten dollars, the judgment must be reversed and the cause remanded as the law does not authorize punishment by fine alone for misdemeanor theft; besides the prosecution should have been brought for taking or carrying away fruit from the orchard of another under article 1234, Vernon's Penal Code.

Appeal from the County Court at Law No. One of Harris County. Tried below before the Hon. Walter E. Monteith, judge.

Appeal from a conviction of theft; penalty, a fine of ten dollars. The opinion states the case.

*Woods, Barkley & King,* for appellant.—Cited: Carson v. State, 57 Texas Crim. Rep., 30; Nalley v. State, 30 Texas Crim. App., 456.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law No. One of Harris County, under a complaint and information, charging him in the regular form, with theft of ten bushels of pears, and his punishment was fixed at a fine of ten dollars. The case was tried before the court without the intervention of a jury.

Our law does not authorize punishment by fine alone for misdemeanor theft, and the case will have to be reversed for the illegal punishment. See Art. 1341, Vernon's Penal Code.

Inasmuch as the case must be sent back to the court *a quo,* we call attention to Article 1234, of Vernon's Penal Code, which makes punishable the taking or carrying away of fruit from the orchard of another, and under which article this prosecution must be had; the facts and testimony in the instant case showing that appellant gathered from the orchard of prosecuting witness, the pears in question.

For the error mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*