## WILL HOLLAND v. THE STATE.

No. 14983.   Delivered May 4, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 340.

The opinion states the case.

*P. R. Rowe,* of Livingston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being assessed at five years in the penitentiary.

This case has been here before. The result on the former appeal is reported in 110 Texas Crim. Rep., 384, 10 S. W. (2d) 561. The judgment was at first affirmed, but on rehearing was reversed because of a defective indictment. The present conviction was upon a new indictment which corrected the defect.

The motion to quash the present indictment was properly overruled. We are of opinion the averments embraced all elements of the offense charged.

John Long had been working for Simond Bros. in road construction work. On January 20, 1928, he was paid for his services by check for $12.35, made payable to him and signed, "Simond Bros., by Percy A. Simond." Not being able to write, Long got another party to endorse his (Long's) name on the check. Appellant is alleged to have robbed Long and taken this check from him, which was alleged to have been of the

value of $12.35. The facts from the state's standpoint and the defensive issues are set out at length in the report on the former appeal. They appear to be identical with the present case and it is not necessary to repeat them.

Bill of exception No. 1 reflects that Percy Simond, over appellant's objection, was permitted to state that he had an account at the bank and that the check would have been paid when presented. The objection was that it called for an opinion of the witness, and that the proper authorities at the bank were the only persons who could tell whether said check would have been paid. This same question was raised in bill of exception No. 3 on the former appeal, and was decided against appellant's contention. It thus became the law of the case.
specified in its face, viz: $12.35.

Bill of exception No. 2 goes to the same point. Simond, over objection was permitted to testify that the check was of the value of the amount

In a sense, the testimony of Simond complained of in each bill was the opinion of the witness, yet it was the value of the check that was sought to be shown and "value" is generally the subject of opinion testimony, the weight of it depending on the circumstances and the knowledge of the witness who is testifying thereto.

While the testimony of this witness was not conclusive on the issue of value, it prima facie established it and met the averment in the indictment on that point. No evidence to the contrary appears.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The conviction is for robbery, and in such case there need be no averments of the value of the property taken. Winston v. State, 9 Texas App., 143; Kelley v. State, 34 Texas Crim. Rep., 413, 31 S. W., 174. It was alleged in the instant case that the check taken from the injured party was of a named value. There would have been no necessity to prove value except for the fact of such allegation, which might make proper proof of the value as part of the descriptive averment.

The complaint at the reception of testimony of the witness whose name was signed to the check is renewed upon the ground that he was expressing merely an opinion, in the one instance, when he said the check drawn by witness for $12.35 was worth in money $12.35; in the other instance, that witness had an account with the bank, and that the check would have been paid if presented for payment.

Mr. Underhill in section 467 (3d Ed.) of his work on Criminal Evidence, observes: "The value of stolen property is always largely a matter of opinion. The opinion of the witness as to value, when value is mate-

rial, is not of necessity conclusive on the jury. * * * A non-expert witness may always testify as to the value of property." As supporting this proposition see Martinez v. State, 16 Texas App., 122; Saddler v. State, 20 Texas App., 195; Hatfield v. State, 66 Texas Crim. Rep., 338, 147 S. W., 236. The cases cited by appellant of Cooper v. State, 23 Texas, 331, and Campbell v. State, 10 Texas App., 560, set out opinions upon wholly different matters from those here involved, and are not deemed applicable. We think there was no error in the reception of the testimony.

We are inclined to think appellant correct in his complaint of our statement in the original opinion that we had decided against him on a former appeal the question as to the admissibility of the witness' statement that he had an account at the bank, and that the check would have been paid if presented for payment. Our conclusion was that, because of our former decision this had become the law of the case. Re-examination of the opinion upon a former appeal leads us to make this correction. However, we are of opinion that the testimony referred to was not improperly admitted; hence the correctness or otherwise of said statement would have no effect upon the propriety of our disposition of the case in our former opinion.

Believing said disposition to be correct, appellant's motion for rehearing will be overruled.

*Overruled.*