EDDIE EVERETT V. STATE.

No. 24671. February 15, 1950.

*Gordon R. Wellborn*, Henderson, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully carrying a pistol; the punishment, a fine of $200 and confinement in jail for a term of one year.

Art. 483, P. C. fixes the punishment for unlawfully carrying a pistol at a "fine of not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

It is insisted that the two methods of punishment are separate and distinct and that both a fine and confinement in jail may not be inflicted.

The case of Irwin v. State, 25 Tex. App. 588, 8 S. W. 681, appears to be in point, and sustains appellant's contention. There, under the misdemeanor theft statute, Art. 1422, P. C., as it existed prior to the amendment of 1927, the punishment affixed was a fine and confinement in jail, or confinement in jail without a fine.

Under that statute, we held that the accused is entitled to have each of the alternative punishments submitted to the jury— that is, the jury may assess a punishment of a fine and term in jail, or a term in jail without a fine.

By analogy, the holding in the Irwin case finds support in the cases of Thomas v. State, 85 Tex. Cr. R. 246, 211 S. W. 453, and Busey v. State, 87 Tex. Cr. R. 23, 218 S. W. 1048.

The conclusion is here reached that the punishment affixed by statute to the offense of unlawfully carrying a pistol is either a fine, or a term in jail—not both. The two methods of punishment are stated in the alternative and not the conjunctive; there is not an express provision authorizing both.

It appearing that the punishment assessed against appellant was not authorized by statute, the judgment is reversed and the cause is remanded.

Opinion approved by the court.