**Donald Gene TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36059.**

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

L. D. Hillyer, E. P. Woodruff, Jr., Brownwood, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is obtaining a thing of value by the giving of a worthless check in the sum of over $50 (Art. 567b, Vernon's Ann. P.C.); the punishment, enhanced by two prior convictions for felonies less than capital (Art. 63 P.C.), life.

The indictment alleged that appellant made and delivered the check to A. Lock in exchange for a railroad ticket which was described in the indictment and was alleged to be a thing of value and as being of the value of more than $1.00.

The evidence shows that the appellant boarded a train of the Gulf, Colorado and Santa Fe Railway Company at Comanche, Texas, and upon arriving at Brownwood went to the ticket office and purchased from A. Lock a ticket for transportation from Comanche to Los Angeles, California and return; that he acquired such ticket by the drawing and delivery of a check in the sum of $125.62 drawn on the Temple National Bank of Temple, Texas; that he had no account in the bank on which the check was drawn, and payment was refused by the bank.

Two prior convictions were proved as alleged.

Appellant's able court appointed counsel present three points all of which relate to the sufficiency of the evidence to sustain the conviction.

It is contended that the railroad ticket acquired by appellant had no value.

This contention is predicated upon the theory that the ticket was not transferable; was good only on certain railroad lines and within certain time limits, and that the price of the ticket was not its value.

Also it is argued that the railway company would not redeem an unused ticket purchased with a check until the check was paid, and that there is no evidence that appellant used the ticket for transportation after he acquired it.

We are cited to no authority which supports appellant's contention that the ticket was without value.

The prosecution was under Art. 567b V.A.P.C. under which the amount of the worthless check rather than the value of the property acquired by its delivery determines the punishment applicable. Under the portion of the statute here applicable, it was necessary for the state to prove that the ticket was "a thing of value," the amount of its value being immaterial.

This Court held in Patrick v. State, 50 Tex.Cr.R. 496, 98 S.W. 840, that railroad tickets are that character of property which under our statutes is the subject of theft.

■ It is the rule in theft cases that where stolen property has no market value recourse may be had to proof of other values or some other criterion of value, and in some cases testimony is admissible to show what the owner paid for the property or its value to him. 41 Tex.Jur. 187–189, Theft, Sec. 118.

The owner's testimony as to what he paid for material that went into it and that it had a value has been held sufficient to meet the statutory requirement that property stolen must have some value. Thomas v. State, 85 Tex.Cr.R. 246, 211 S.W. 453, cited in 41 Tex.Jur., Sec. 118, p. 189.

■ We do not agree that the railroad ticket had no value. It was of value to the appellant for he could use it for passage to California and return.

We note further that there was some evidence that the ticket was used for transportation past Brownwood. Appellant's father testified that appellant made the trip to California and evidence was offered by the defense tending to show that the Railway Company was reimbursed for their loss on the ticket.

Be this as it may, the ticket, had it been paid for, was of value for transportation and if not used within six months, for a refund.

■ The contention that the evidence is insufficient in that no unlawful or fraudulent intent is shown is predicated upon the theory that passage from Comanche to Brownwood was a pre-existing debt and that no thing of value was acquired by the delivery of the check. Our holding that the ticket was of value for passage beyond Brownwood disposes of such contention.

We commend appellant's court appointed counsel for their diligence in representing the appellant in his trial and on appeal, but are unable to agree that under the record the conviction should be set aside.

The judgment is affirmed.