David Wayne SHEPPARD, Appellant,

v.

The STATE of Texas, State.

No. 2–81–161–CR.

Court of Appeals of Texas,
Fort Worth.

June 16, 1982.

---

1. For a detailed discussion of the evidence, see *Sheppard v. State*, 634 S.W.2d 953 (Tex.App. —Fort Worth, 1982).

Neely, Mason & Snodgrass and Don Snodgrass, Wichita Falls, for appellant.

Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

See also *Sheppard v. State*, 634 S.W.2d 951 (Tex.App.—Fort Worth, 1982), a companion case.

This is an appeal from a conviction of theft of property of value over two hundred dollars and less than ten thousand dollars. The jury found the allegation of a prior conviction in the indictment to be true and assessed punishment at ten years confinement in The Texas Department of Corrections.

We affirm.

On October 17, 1977, appellant entered the shop area of the Wyatt Brake and Motor Company in Wichita Falls. A lone employee, on his lunch break at the time, observed appellant removing an air impact drill and a hydraulic jack from the shop. Appellant carried the tools to his car and left the premises. The employee summoned the police and upon their arrival relayed what he had seen including a description of appellant's car and its license plate numbers. Following a lead, the officers immediately went to a plumbing supply company in town which was thought to be appellant's destination. As the officers approached the plumbing supply company, they saw appellant walking toward its entrance carrying items in both hands. The officers followed appellant into the business and called out his name. Appellant walked hurriedly away from the officers with the drill still in his hand. When he passed a trash can, he dropped the drill into it and continued walking. The officer that caught appellant placed him under arrest. The hydraulic jack was found on the floor behind the trash receptacle.

Subsequent to appellant's arrest on October 17, 1977 and based on the events of that day, the State filed a petition to revoke appellant's probation for a prior conviction. Thereafter, on November 8, 1977 appellant's trial counsel was appointed to represent appellant in the probation revocation hearing. An examining trial, involving the facts of this case, was held on December 16, 1977. Appellant was represented at this examining trial by his trial counsel. The indictment charging appellant with the offense of felony theft was not returned by the grand jury until January 18, 1978. By letter dated January 19, 1978 the trial court formally appointed appellant's previously appointed counsel and another attorney to represent appellant in this cause as co-counsels. The notification of appointment was

received by the attorneys on January 20, 1978. The case came to be heard on January 30, 1978.

■ By his first ground of error, appellant contends that the trial court erred in failing to grant his motion for new trial for the reason that his appointed attorneys were not afforded ten days to prepare for trial as set forth in V.A.C.C.P. art. 26.04(b). Article 26.04(b), *supra*, provides: "The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

Although only nine days elapsed between the formal appointment of appellant's co-counsel and the date of trial, reversal is not warranted under the facts of this case. This is true even in the absence of a written waiver of the ten-day period. It is undisputed that the provisions of Article 26.04(b), *supra*, are mandatory. *Crothers v. State*, 480 S.W.2d 642 (Tex.Cr.App.1972); *Steward v. State*, 422 S.W.2d 733 (Tex.Cr.App.1968). However, "[i]t is the actual preparation time, not the time of formal appointment, that determines whether a defendant has been given the mandatory preparation time for trial provided by the statute." *Henson v. State*, 530 S.W.2d 584, 585 (Tex.Cr.App. 1975); *Moore v. State*, 493 S.W.2d 844 (Tex. Cr.App.1973). In the instant case, one of appellant's trial co-counsel was familiar with the facts of the case for a period of time in excess of two months prior to trial. He had represented appellant at the December 16, 1977 examining trial. "The purpose of Article 26.04, supra, is to protect an accused's right to have adequate time to prepare for trial." *Moore v. State, supra,* at 845; *Hamel v. State*, 582 S.W.2d 424 (Tex.Cr.App.1979). We find that appellant's counsel had adequate time to prepare appellant's defense. Ground of error one is overruled.

■ Next, appellant complains that the evidence is insufficient to support the conviction of theft of property the value of which was over two hundred dollars. Additionally appellant claims that the trial court erred in instructing the jury in its charge that replacement costs could be considered in determining the value of the stolen property. We reject both propositions.

Considerable testimony was adduced at trial concerning the value of the stolen tools. The owner of the tools and another witness in the tool business testified that the cost of a new drill exactly like the one stolen was approximately $280.00. The owner also testified that a new hydraulic jack, exactly like the one stolen, would cost $69.00. He further testified that the drill was six months old and was "as good as the day I bought it." Both tools were very durable and had long performance capabilities. Moreover, six months of use would cause little depreciation, if any, to the value of the drill. Thus the State's evidence tended to show that the combined value of the stolen property was approximately $350.00, within the amount alleged in the indictment.

Appellant, on the other hand, elicited testimony that in buying used tools, usually 50% and sometimes even 33%, of the purchase price is *offered* by the buyer. The witnesses admitted, however, that this figure is only a bargaining position and that the price could easily rise above that mark. Nevertheless, appellant argues that the maximum combined value of the goods stolen amounted to only $175.00 (50% of $350.00), so that the State's evidence is insufficient to prove the value of the goods as alleged in the indictment.

Evidence establishing the value of stolen property has been held sufficient where the owner of the property is permitted to testify without objection as to what he paid for the property a short time before the theft. *Cantu v. State*, 625 S.W.2d 56 (Tex.App.— San Antonio, 1981); *Turner v. State*, 486 S.W.2d 797 (Tex.Cr.App.1972); *Thomas v. State*, 85 Tex.Cr.R. 246, 211 S.W. 453 (1919). In the instant case, George Wyatt, the owner of the tools testified that he had paid roughly $280.00 for the drill six months prior to its theft. He also testified that its condition was as good on the date of theft as when purchased. An employee of a distributor selling drills identical to the one

alleged to have been stolen testified that as of the date of trial (3½ months after the date of the offense) a new drill like the one alleged to have been stolen would cost $279.95. This evidence cumulatively is sufficient to establish the value of the property at over $200.00.

The jury, as finder of fact, had the competing evidence before it and chose to believe that evidence presented by the State as to the value of the property. We find the evidence, viewed in the light most favorable to the verdict, sufficient to support the jury's conclusion as to the value of the property. *Banks v. State*, 510 S.W.2d 592 (Tex.Cr.App.1974).

▇ Appellant maintains, however, that the jury was misled and confused by the trial court's erroneous instructions in its charge as to the value of the property. That portion of the charge objected to states:

Value is the fair market value of the property at the time and place of the offense. 'Fair market value' of property is the price it will bring in cash when offered for sale by one who desires to sell but is not obligated to sell, and is bought or purchased by one who desires to purchase it but is under no necessity of doing so.

*If the fair market value of the property cannot be ascertained, the value of the property is the cost of replacing the property* within a reasonable time after the theft. (Emphasis added).

The challenged instruction merely paraphrases V.T.C.A., Penal Code § 31.08(a) which defines value as:

(1) the fair market value of the property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

The evidence adduced relative to value warranted that instruction. Grounds of error two and three are overruled.

▇ By his fourth ground of error, appellant contends that the trial court erred by allowing the State to engage in improper jury argument over his objection. During the State's argument as to guilt or innocence the prosecutor argued:

[MR. TOMPKINS]: And yet, not one witness says that you can buy one of these things. He says, there (sic) out there and that's the price on them. Half price, thirty three percent. Not one would buy them at that price. You also have to look, not at the value of it, but of the availability of it. Just as a realistic matter. I'm not going to sell you a ten thousand dollar car for five thousand dollars and nobody is going to sell a two hundred and eighty dollar tool for a hundred and forty dollars. Not, if it's in any kind of good condition, unless, of course, it's torn up or stolen. The same thing is true on the jack. I don't think there's any question but what this figure right here can be completely strikened (sic) and leaves us with two estimates of fifty percent, and as each one of them said, that's horse trading. That's a starting point. From there, and you go up, from that figure you go up. Up how much? Twenty five dollars is only twelve and a half percent of two hundred dollars.

Appellant's counsel immediately made the following objection which was overruled:

[MR. FILLMORE]: Your Honor, we object to that type of argument. It's contrary to what the witnesses say. He said, from that point they'd go up. They did not say that. One of the witnesses said it might go up or it might go down. It's a misstatement—

The four permissible areas of jury argument are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr. App.1973). During the trial witnesses testified that in buying used tools, 50% of the tools' retail cost would be the *initial offer* made by the buyer, but that price could rise. Repeatedly the 50% mark was re-

ferred to as merely a bargaining position for the buyer for the purpose of negotiation. We hold the challenged argument was proper in that it was a reasonable deduction from the evidence. *Hughes v. State*, 563 S.W.2d 581 (Tex.Cr.App.1978). Additionally, the challenged argument can be upheld as an answer to the following argument made by appellant's counsel:

> [N]o testimony that was put on by the state's witnesses refuted that the, at least, the bargain, the starting bargaining price would be a hundred and seventy five dollars. Admittingly, there may be some horse trading going on that could up this price.

Appellant cannot be heard to complain of the State's argument when his counsel admitted the same fact in his argument. Appellant's fourth ground of error is overruled.

■ Finally, appellant claims that the trial court erred in allowing the State to introduce Texas Department of Corrections records reflecting appellant's prior conviction of felony theft as alleged in the indictment. Appellant contends that the "pen packet" was inadmissible because he had not previously been afforded a copy of it. "Even though a copy of an official record is not delivered to the appellant a reasonable time before trial, the exhibit is nevertheless admissible in the absence of unfair surprise." *Gollin v. State*, 554 S.W.2d 683, 687 (Tex.Cr.App.1977); *Sierra v. State*, 476 S.W.2d 285 (Tex.Cr.App.1971). We cannot find that appellant was unfairly surprised by the introduction of records reflecting his prior conviction inasmuch as the same was alleged in the indictment. Appellant received adequate notice that the State would seek to prove his prior conviction by the allegation in the indictment. No unfair surprise being shown, the final ground of error is overruled.

The judgment of the trial court is affirmed.