David Wayne **SHEPPARD**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–160–CR.

Court of Appeals of Texas, Fort Worth.

June 16, 1982.

Neely, Mason & Snodgrass and Don Snodgrass, Wichita Falls, for appellant.

Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

See also *Sheppard v. State*, 634 S.W.2d 953 (Tex.App.—Fort Worth, 1982), a companion case.

This is an appeal from an order revoking appellant's probation. The trial court found that appellant had violated a term of his probation by committing an offense against the laws of this State. His prior sentence of ten years confinement in the Texas Department of Corrections was reinstated.

We affirm.

On October 9, 1974, appellant pled guilty to the offense of burglary of a habitation and received a ten year sentence, probated. The State filed a motion to revoke appellant's probation on October 18, 1977, alleging that appellant had violated a condition of his probation by committing the offense of felony theft on October 17, 1977. On December 7, 1977, the State filed an amended motion to revoke probation. Thereafter, on January 18, 1978, appellant was indicted for the felony theft offense that occurred on October 17, 1977. Trial in that case began on January 30, 1978, and appellant was convicted and sentenced to ten years confinement in the Texas Department of Corrections. The State filed its second amended motion to revoke probation on February 2, 1978, and a hearing was held thereon February 9, 1978. At the hearing, appellant's probation officer identified appellant as the individual who had been previously placed on probation in this cause. The State then asked the trial court to take judicial notice of the evidence presented in appellant's felony theft trial on January 30, 1978, over which the court had presided only a few days earlier. Over appellant's objection, the trial court took judicial notice of the recent testimony, which he had heard, and the State rested. Appellant presented no evidence. The trial court found that appellant was the same individual previously placed on probation in this cause. The trial court found further that appellant committed the offense of felony theft on October 17, 1977, by stealing an air impact drill and hydraulic jack from the Wyatt Motor Company in Wichita Falls.

Appellant brings this appeal contending that the trial court abused its discretion in taking judicial notice of the evidence from his prior trial. He also argues that the preponderance of the evidence judicially noticed is insufficient to show that the value of the goods stolen exceeded $200.00 as alleged in the State's motion to revoke probation. We disagree.

Appellant's conviction for the offense of felony theft is presently before this court on appeal. That conviction cannot serve as the basis for appellant's probation revocation. *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.—1973). However, the State relies not on the conviction, but the *evidence* adduced in pursuit thereof, as the basis for its motion to revoke probation. At the hearing on the State's motion, it was not an abuse of discretion for the trial court to take judicial notice of the evidence adduced at appellant's previous trial. *Barrientez v. State, supra.* The first ground of error is overruled.

There remains the issue as to the sufficiency of the evidence in question to support the State's allegations in its motion to revoke probation. We can determine the sufficiency of the evidence by reviewing the judicially noticed testimony contained in the record of appellant's felony theft trial also presently before us on appeal. *Cleland v. State*, 572 S.W.2d 673 (Tex.Cr.App.1978); *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978). Our review of that record reveals that the value of the tools stolen by appellant exceeded $200.00.[1] The State's motion to revoke probation was sufficiently supported by the evidence. Ground of error two is overruled.

The judgment of the trial court is affirmed.

---

1. For a detailed discussion of the evidence, see *Sheppard v. State*, 634 S.W.2d 953 (Tex.App. —Fort Worth, 1982).