

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 31, 1990

Honorable Charles S. Brack
Chambers County Attorney
P. O. Box 1200
Anahuac, Texas    77514

Opinion No.   JM-1199

Re:    Authority of county to donate money, property, or services to nonprofit corporations that conduct local festivals    (RQ-1911)

Dear Mr. Brack:

You ask whether Chambers County may donate money, property, or services to local, nonprofit corporations that conduct annual festivals in the county. The Texas Rice Festival and the Texas Salt Dome Festival promote local products and businesses. They each conduct an annual festival that includes concerts, carnivals for children, food booths, and other exhibits and programs. The Anahuac Area Chamber of Commerce, which promotes Anahuac and surrounding areas, also holds a similar festival. From time to time, these entities have asked the county for donations of money, property, and services provided through county-paid employees.

Article III, section 52, and article XI, section 3, of the Texas Constitution prohibit a county from donating money or any other thing of value to a corporation. Key v. Commissioners Court of Marion County, 727 S.W.2d 667 (Tex. App. - Texarkana 1987, no writ); Kordus v. City of Garland, 561 S.W.2d 260 (Tex. Civ. App. - Tyler 1978, writ ref'd n.r.e.). Public funds may be spent only for a public purpose. Young v. City of Houston, 756 S.W.2d 813 (Tex. App. - Houston [1st Dist.] 1988, writ denied); see generally State v. City of Austin, 331 S.W.2d 737 (Tex. 1960). Adequate controls, contractual or otherwise, must govern a transaction between a county and a private entity to insure that the public purpose is accomplished. Key v. Commissioners Court of Marion County, supra, at 669.

In Kordus v. City of Garland, the court held that a taxpayer could enjoin a city's illegal donation of public funds to a chamber of commerce. The decision cited Attorney General Opinion H-397 (1974), which held that article III, section 52, of the Texas Constitution prohibited the legislature from authorizing a county to become a dues-paying

member of a chamber of commerce. Based on these author-
ities, we conclude that you may not make unconditional
grants of money, property, or any "thing of value" to the
entities in question.

You suggest that the county could provide fencing,
portable toilets, police protection and other things
necessary for the health and safety of the people who attend
the festivals. You state that supplying such services and
things of value would not be contributions by the county to
the corporations, but would fall within the police powers of
the county.

The commissioners court of a county has no general
police power, such as that possessed by the state and many
municipalities. Travis County v. Colunga, 753 S.W.2d 716
(Tex. App. - Austin 1988, writ denied); Commissioners' Court
of Harris County v. Kaiser, 23 S.W.2d 840 (Tex. Civ. App. -
Galveston 1929, writ ref'd). The commissioners court has
the powers expressly conferred upon it by the constitution
and the legislature, as well as the implied powers necessary
to exercise powers expressly conferred. Canales v.
Laughlin, 214 S.W.2d 451 (Tex. 1948). Any expenditures of
county funds made in connection with the festivals must be
based on statutory or constitutional authority.

Section 122.001 of the Health and Safety Code provides
that the commissioners court of a county may appropriate and
spend money from the county general revenues for public
health and sanitation in the county. Thus, the county has
discretion to make expenditures for public health and
sanitation needs that arise in connection with the proposed
festivals. Whether an expenditure for a particular purpose
is within the authority granted by section 122.001 depends
on the surrounding facts and circumstances. You have
provided no facts, such as whether this event will be
held in a county park. The commissioners court may make
reasonable decisions under section 122.001 to spend county
funds to protect the public health, subject to judicial
review for abuse of discretion.

Sheriffs and their deputies are peace officers, and it
is their duty to preserve the peace within their jurisdic-
tion. Code Crim. Proc. arts. 2.12, 2.13. The sheriff's
decisions as to the deployment of law enforcement officers
within the county are left to his discretion and judgment,
since this matter is not specifically prescribed by law.
Weber v. City of Sachse, 591 S.W.2d 563, 567 (Tex. Civ. App.
- Dallas 1979, no writ). The decision to assign a number of
law enforcement officers to an area where a large number of
persons are gathered for a festival is a matter for the
sheriff's discretion, subject to judicial review for abuse

of discretion.  Id.; see generally Local Gov't Code § 85.004 (appointment of reserve deputies to serve when additional officers needed); Attorney General Opinion H-1002 (1977).

You next ask whether Chambers County may participate with the Texas A & M Agricultural Extension Service by providing money, property, or services in sponsoring a youth program called "Chambers County Youth Project Show," which is similar to a livestock show.  Chambers County sponsors the show and budgets the expenditures.  The extension service handles the operation of the show through volunteer committees of parents and other interested persons.

Section 319.001 of the Local Government Code authorizes the commissioners court of a county to provide for annual exhibits of "horticultural, agricultural, livestock, mineral, and other products" that are of interest to the community.  Section 332.002 of the code authorizes a county to establish and supervise recreational facilities and programs.  These statutes authorize a county to provide recreational programs for youth, including a livestock show. In Attorney General Opinion H-127 (1973) this office determined that a county could use federal revenue sharing funds to contract with a nonprofit corporation to provide a recreation facility for the aged.  In our opinion, Chambers County may cooperate with and receive voluntary services from the Agricultural Extension Service of Texas A & M University to assist it in operating the show, but it must retain sufficient control of the project to ensure that funds budgeted by the county are used for the legislatively authorized purposes.

### S U M M A R Y

A county may not donate money to a chamber of commerce or a similar private corporation to fund festivals that promote local businesses and products.  Where a county has statutory authority to spend county funds to protect public health, sanitation, and safety, it may do so when the need for such protection arises out of a festival held by a private corporation.  A county has statutory authority to hold livestock shows and provide for recreation for youth.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General