

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 23, 2016

Ms. Christina Moreno
Bandera County Auditor
Post Office Box 563
Bandera, Texas 78003

Opinion No. KP-0091

Re: Whether article III, section 52 of the Texas Constitution prohibits a county from providing financial assistance to a nonprofit organization (RQ-0079-KP)

Dear Ms. Moreno:

You ask whether a county may "enter into an agreement with Boys and Girls Club without violating Article III, Section 52 of the Texas Constitution."[1] You explain that the Boys and Girls Clubs of Bandera County have "requested financial assistance," and you question whether the county has statutory authority to provide such funding. Request Letter at 2.

Article III, subsection 52(a) of the Texas Constitution provides:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

TEX. CONST. art. III, § 52(a). The purpose of this provision is "to prevent the gratuitous grant of [public] funds to any individual, corporation, or purpose whatsoever." *Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928). Spending public funds for a legitimate public purpose to obtain a clear public benefit, however, is not an unconstitutional grant of public funds. *See Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995). Furthermore, an expenditure to directly accomplish a legitimate public purpose is constitutional even though it incidentally benefits a private interest. *See* Tex. Att'y Gen. Op. No. GA-0078 (2003) at 5 (concluding that the incidental benefit to private attorneys would not render the provision of online legal research services at a county law library unconstitutional).

The Texas Supreme Court has articulated a three-part test to determine whether a transfer of funds from a public entity to a private entity satisfies the limitations of article III, subsection

---

[1]Letter from Ms. Christina Moreno, Bandera Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. (Nov. 24, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

52(a). *See Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 384 (Tex. 2002). The entity making the transfer must (1) ensure that the transfer is to "accomplish a public purpose, not to benefit private parties; (2) retain public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and (3) ensure that the political subdivision receives a return benefit." *Id.*

Related to the first prong, which requires that the monetary transfer serve a public purpose, you ask whether a specific statute "would allow Bandera County to fund Boys and Girls Club of Bandera County." Request Letter at 2. A prior opinion of this office addressed a county's provision of funding to specific nonprofit corporations that provided various services to residents of the county. *See* Tex. Att'y Gen. Op. No. JC-0439 (2001). That opinion addressed, among other things, whether a county could provide $3,000 to Big Brothers and Sisters in exchange for the services that it provided to children from single-parent families in the county. *Id.* at 4. The opinion noted that section 264.006 of the Family Code expressly empowers a county commissioners court to "provide for services to and support of children in need of protection and care." TEX. FAM. CODE § 264.006; *see* Tex. Att'y Gen. Op. No. JC-0439 (2001) at 5. This office concluded that "section 264.006 authorizes the County to transfer funds to . . . Big Brothers and Sisters" to the extent that the organization provides services to and support for children who need protection and care. Tex. Att'y Gen. Op. No. JC-0439 (2001) at 5.

Attached to your request, you provide a document from the Boys and Girls Clubs of Bandera County that describes some of the services they provide, including, among others, after-school programs for grade-school children to obtain homework assistance and supervision.[2] Under particular facts, the provision of after-school care for children from low-income families could be a statutorily-authorized service for children in need of protection and care. Fact finding is beyond the scope of an attorney general opinion, and we therefore are unable to determine whether, in fact, an organization is providing the services authorized by a particular statute. *See* Tex. Att'y Gen. Op. No. GA-0106 (2003) at 7 ("This office cannot find facts or resolve fact questions in an attorney general opinion."). However, to the extent that the Boys and Girls Clubs of Bandera County provide services and support to children in the county in need of protection and care, section 264.006 of the Family Code could serve as authority for Bandera County to provide financial assistance to the organizations in furtherance of a statutory public purpose of the county, so long as the additional constitutional requirements are met.

In addition to serving a public purpose, a county transferring public funds to a private entity must retain public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment. *See Tex. Mun. League Intergov'tl Risk Pool*, 74 S.W.3d at 384. Depending on the specific transfer of funds at issue, a contractual agreement outlining requirements that the receiving entity must comply with in exchange for the funds may provide sufficient control over the funds. *See Key v. Comm'rs Ct. of Marion Cty.*, 727 S.W.2d 667, 669 (Tex. App.—Texarkana 1987, no writ) (noting that the transfer at issue did not involve a contractual agreement for services to retain formal control). A county transferring public funds to

---

[2]*See generally* Request Letter attachment from Boys & Girls Clubs of Bandera Cty. (on file with the Op. Comm.).

a private entity must also ensure that the county receives a return benefit. *See Tex. Mun. League Intergov'tl Risk Pool*, 74 S.W.3d at 384. The return benefit received by the county need not be monetary, but could instead be the accomplishment of a county's public purpose. *See* Tex. Att'y Gen. Op. No. GA-0076 (2003) at 7. The determination of whether a particular expenditure satisfies the three-part test is for the commissioners court to make in the first instance, subject to judicial review for an abuse of discretion. Tex. Att'y Gen. Op. No. GA-0843 (2011) at 2; *see also Comm'rs Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (recognizing a district court's supervisory control over a commissioners court that abuses its discretion).

## S U M M A R Y

A county entering into an agreement with Boys and Girls Clubs to provide the organizations funding will not violate article III, subsection 52(a) of the Texas Constitution as long as the county (1) ensures that the transfer is to accomplish a public purpose of the county, not to benefit private parties; (2) retains public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and (3) ensures that the county receives a return benefit.

To the extent that the Boys and Girls Clubs of Bandera County provide services and support to children in need of protection and care, section 264.006 of the Family Code authorizes Bandera County to provide financial assistance to the organizations in furtherance of a statutory public purpose of the county, so long as the other constitutional requirements are met.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee